Thomas A. Dosik, LLC
721 W. 1st Avenue
Anchorage, AK 99501
(907) 360-7953
Thomas@dosik.biz
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| JOSHUA D. BRIGGS,<br><br>        Plaintiff,<br><br>v.<br><br>OREAN YI, in his personal capacity; and MUNICIPALITY OF ANCHORAGE,<br><br>        Defendants. | Case No. 3:22-cv-00265-SLG |

### Declaration of Thomas Dosik

I, Thomas Dosik, state as follows:

1. I am an attorney representing Plaintiff Johsua Briggs in this matter.

2. Attached to this declaration are true and correct copies of the following exhibits:

    a. Exhibit 1—Information filed in Case 3AN-22-5320 CR

    b. Exhibit 2—Order and Conditions

    c. Exhibit 3—Anchorage Policy Department Policy 3.01.070

    d. Exhibit 4—Printout of information from Alaska Court Records System for Case 3AN-22-5320 CR (highlights added).

3. The Municipality of Anchorage provided to Joshua Briggs certain discovery materials in the case resulting from his arrest on July 12, 2022, 3AN-22-5320CR.

Included in the materials is an audio recording, in digital format, of interview of Dana Teeter by Anchorage Police Officer John Glor on August 30, 2022. No certified transcript of this recording has been made. Also included are copies of video recordings from Officer Yi's patrol car dashboard camera made at the time of the Briggs's arrest. Plaintiff Briggs intends to request a court order pursuant to Local Rule 7.4(c)(4) allowing him to file copies of the discovery materials with this court. However, for purposes of this Motion for Preliminary Injunction, Defendants necessarily have possession of and access to the exact same discovery materials because the materials were provided by them to Plaintiff Briggs.

4. I have personally listened to and reviewed and listened to the recording of the Dana Teeter's interview. Mr. Teeter makes the following statements at time stamp 9:13 to 10:20:

> Teeter: So the officer got in line.
>
> Glor: He was just there as a customer right?
>
> Teeter: He was there as a customer, getting his coffee and snacks and stuff. He got in line waiting for his turn. The gentleman got in line behind him.
> Glor: Like right behind him?
>
> Teeter: Yeah, right behind him. And he was probably 15 feet away from where I was, so … I didn't really hear anything.
>
> Glor: Mm-hmm.
>
> Teeter: But uh, I saw him turn around.
>
> Glor: The officer?
>
> Teeter: The officer turned around to the gentleman. Umm, so his back was to me.
>
> Glor: mm-hmm.
>
> Teeter: So he put down his coffee, the stuff he had in his hands and got into kind of a defense posture, umm, and then started talking to the guy. Umm, they talked for several minutes, umm then he ended up putting the guy in handcuffs.

> Glor: And you couldn't hear anything?
>
> Teeter: I couldn't hear anything, but I could see it was, it was …. I was kind of watching because I saw it was kind of serious because he put his stuff down, and I guess you know, when you get into a defensive posture, you put one foot down…
>
> [Unintelligible cross-talk]
>
> Teeter: He got in that posture there you know, and um you could see his hands at his hips at the ready, you know. So I just kind of watched. That far away I couldn't hear anything.

5. I have personally viewed and listened to the videos provided by Defendants and at time stamp 2:44 – 3:15 on the file labeled "OreanYi_202207120747_350161_55021884.mp4" Officer Yi states to another police officer:

> I'm sitting with, I'm buying coffee and he comes up to me really close, he goes, "Hey, look who it is, it's a pig." I was like, "What?" He goes "What, you're a pig" and then he starts, just going off. I was like "Dude, what's your problem?" He goes, "Oh, are you drunk, do you not understand?" I was like "Dude, OK we'll make it a day. I'm like, [unintelligible] because, you're harassing in front of me..." and, he tried to walk off, I was like fuck that [unintelligible] I'm going to get an ID…

6. I say nothing further.

Done this 22nd day of December, 2022.

                Thomas A. Dosik, LLC
                Attorney for Plaintiff

                By: /s/ Thomas A. Dosik
                Thomas A. Dosik
                Alaska Bar No. 9505018

IN THE DISTRICT COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT ANCHORAGE

| | |
|---|---|
| MUNICIPALITY OF ANCHORAGE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JOSHUA DOYLE BRIGGS, )<br>1700 STANTON AVE )<br>ANCHORAGE, AK 99508 )<br>DOB: 04/19/1982 )<br>APSIN: 6961858 )<br>DL: 6948781 (AK) )<br>)<br>)<br>Defendant. )<br>) | ATN: 117159921<br>APD No. 22-22517<br>Case No. 3AN-22-5320 CR |

## INFORMATION

**VRA CERTIFICATION**
I certify that this document and its attachments do not contain (1) the name of a victim of a sexual offense listed in AS 12.61.140 or (2) a residence or business address or telephone number of a victim of or witness to any crime unless it is an address used to identify the place of the crime or it is an address or telephone number in a transcript of a court proceeding and disclosure of the information was ordered by the court.
DOMESTIC VIOLENCE OFFENSES Per AS 18.66.990 (3) and (5)   [ ] ALL COUNTS [ ] NONE   [ ] SPECIFIED BELOW

CTN 001 – DISORDERLY CONDUCT
AMC 8.30.120(A)(2)

CTN 002 – HARASSMENT
AMC 8.10.110(A)(1)

The Municipality of Anchorage, by and through its undersigned attorney, charges that on or about the 12th day of July, 2022 at or near 1500 E 5TH AVE Anchorage, Alaska, Joshua Doyle Briggs did commit the offenses of:

CTN 001

DISORDERLY CONDUCT, to wit: JOSHUA DOYLE BRIGGS did knowingly generate loud

noises in a public place with the intent to disturb others or with reckless disregard for the peace and privacy of others, which is in violation of Anchorage Municipal Code 8.30.120(A)(2).

CTN 002

HARASSMENT, to wit: JOSHUA DOYLE BRIGGS did, with reckless disregard for any harassing or annoying effect on Officer Yi, insult, taunt, or challenge that person in a manner likely to provoke an immediate violent response, which is in violation of Anchorage Municipal Code 8.10.110(A)(1).

PC STATEMENT: On 7/12/22 around 0745 hours Officer Yi was in his uniform and standing in line at the Holiday Gas station at 150 East 5th Avenue. There were an estimated ten other customers in the store at the time. As the officer was waiting to purchase a beverage he heard a males voice behind him. The defendant was near the officer and began saying "Oh it's a pig, Hi, pig". The officer turned around and observed the defendant with several soda cans in his hand about three feet away. The defendant then said "What? you're the fucking pig.". The officer asked the defendant if he needed any help and the defendant stated "Nothing, get back in line pig", he then raised his chin in a pointing motion and asked the officer "Do you not understand?". The officer took this to mean the defendant was questioning if he understood English because of the officers race. The officer then asked the defendant what was going on and informed the defendant that he was harassing him and needed to stop. The defendant then raised his voice and began insulting and taunting the officer. Making comments about the officer being drunk on the job, if the officer understood him, and that the officer needed to be tested. The officer observed multiple customers behind the defendant and others behind the officer. All the customers had stopped what they were doing and were staring at the defendant. The defendant

continued to yell and create loud noise disturbing the other customers by acting disorderly. The officer observed the defendants arms were trembling and when asked for his name he refused to identify himself. Officers placed the defendant under arrest and escorted him from the store to identify him. Once outside the defendant continued to harass the officer and asked the officer if "he was going to shoot up a children's school". The defendant was identified by identification that was found in his pants pocket. He was then released on his own recognizance with a future court date.

BAIL INFO:

NO HISTORY

DATED at Anchorage, Alaska this 8th day of September, 2022.

MUNICIPALITY OF ANCHORAGE
Mario L. Bird
Municipal Attorney

By: *(signature)*

Tyler Wright
Assistant Municipal Prosecutor
Alaska Bar No. 1802008

# ORDER AND CONDITIONS — RELEASE PER SCHEDULE
(Use form CR-765 for release per judge order.)

Plaintiff: ☐ State of Alaska ☐ MOA
Defendant: JOSHUA DOYLE BRIGGS
DOB: 04/19/1982    DL/ID: 6948781    State: AK  ☐ CDL  ☐ Veteran
APSIN: 6961858    ATN: 117159921    Case No: 22-22517
Offenses Charged: Disorderly Conduct AMC 8.30.120 (A)(2), Harassment AMC 8.10.110 (A)(1)

## Order and Conditions of Release
**To Defendant:** IT IS ORDERED that you are released on your own recognizance, pursuant to the *Amended Second Temporary Presiding Judges' Administrative Order Establishing a Statewide Bail Schedule.* Your release is subject to the conditions below, which are effective immediately:

1. You must obey all court orders and all federal, state, and local laws.
2. You must appear in court when ordered.
3. If you are represented by a lawyer, you must stay in contact with your lawyer.
4. If you are represented by a lawyer, you must notify your lawyer within 24 hours if you change your mailing address, telephone number, and/or email address.
5. If you are not represented by a lawyer, you must notify the prosecutor and the court within 24 hours if you change your mailing address, telephone number, and/or email address.
6. You must not contact any alleged victim directly or indirectly.
7. ☐ If this box is checked, you must not consume or possess alcohol.
8. This order does not change or end any other court orders. If you have other open criminal cases, you must continue to follow the most recent court-ordered conditions of release in those cases.

## Next Court Appearance
You must appear in court for the hearing below and at all other times ordered by the court:
Date: 09/12/2022    Time: 0817
Location: 1500 E 5th Ave

## Defendant's Agreement and Contact Information
I promise to obey all the conditions of release above. If I fail to do so, I may have my release revoked, I may be arrested, and I may be charged with additional crimes for violating this order. I promise to keep the court notified of my current address.

07/12/2022
Date                                    Signature of Defendant

Defendant's Mailing Address: _____
Physical Address: _____
Home Phone: _____  Cell Phone: _____  Work Phone: _____
Employer _____  Email _____

## Officer's Acknowledgement
[If you suspect that the defendant was under the influence of alcohol at time of arrest, check box #8 above.]
Booking Number _____    ☐ Defendant fingerprinted
I certify that I delivered this *Release* to the defendant named above on (date) 7/12/22.

7/12/22
Date        Time        Peace Officer or DOC Officer Signature

APD
Arresting Agency/Correctional Facility    Print Name

Distribution by Officer: 1) original to court; 2) copy to defendant; 3) copy for jail
Distribution by Court: Copy to DA on _____ by Clerk: _____

Exhibit 2
Case 3:22-cv-00265-SLG   Document 8-1   Filed 12/22/22   Page 7 of 12

| Anchorage Police Department Regulations and Procedures Manual | Operational Procedures **3.01.070** | |
|---|---|---|
| **Policy and Procedure Title** Resisting Arrest | **Effective Date** 10/6/2020 | Page 1of 3 |
| **Replaces Prior Policy:** Current | **Approved by:** Chief Justin Doll | |

**This policy is for internal use only and does not enlarge an employee's civil liability in any way. The policy should not be construed as creating a higher duty of care, in an evidentiary sense, with respect to third party civil claims against employees. A violation of this policy, if proven, can only form the basis of a complaint by this department for non-judicial administrative action in accordance with the laws governing employee discipline.**

## 3.01.070 Resisting Arrest

### PURPOSE

To advise all personnel of the proper application of the State Statute and Municipal Ordinances governing resisting officers.

### POLICY

That members of the Department apply the provisions of the resisting officer laws narrowly, avoiding arrests based solely on a subject's lack of cooperation, rudeness, failure to provide identification, or challenge to the officer's authority.

### REFERENCES

**AS 11.56.700. Resisting or interfering with arrest.**

A person commits the crime of resisting or interfering with arrest if, knowing that a peace officer is making an arrest, with the intent of preventing the officer from making the arrest, the person resists personal arrest or interferes with the arrest of another by:

1. Force;

2. Committing any degree of criminal mischief; or

3. Any means that creates a substantial risk of physical injury to any person.

**AMC 8.30.010 Resisting or interfering with peace officer.**
A. A person commits the crime of resisting or interfering with a peace officer when:

1. The person intentionally, recklessly, or knowingly delays or obstructs the person's own arrest by the use of force;

2. The person intentionally, recklessly, or knowingly delays or obstructs the arrest of another by the use of force;

3. The person intentionally, recklessly, or knowingly delays or obstructs the person's arrest by fleeing, hiding, engaging in a stand-off, or barricading one's self;

4. The person intentionally, recklessly, or knowingly delays or obstructs a police officer's active investigation of a crime by fleeing after having been told to stop;

5. The person intentionally, recklessly or knowingly resists, obstructs or interferes with the lawful efforts of any firefighter or paramedic in the discharge or attempted discharge of an official duty;

6. The person intentionally, recklessly or knowingly disobeys the lawful orders of any public officer;

7. The person intentionally or recklessly engages in conduct which delays or prevents a fire from being timely extinguished or emergency services from being provided;

8. The person intentionally, recklessly, or knowingly injures, destroys, takes or attempts to take personal property from the custody of any public officer or person which is possessed by process of law, or

9. The person intentionally, knowingly, or recklessly takes or attempts to take a firearm or other weapon or service-issued item from the custody of any public officer.

B. For the purposes of this section, the term "public officer" means any officer, firefighter or fire department official, paramedic, animal control officer, or any other public official engaged in law enforcement duties at the time of the offense.

### AMC 9.28.011 Failing to stop or eluding a police officer.

It is unlawful for the driver of any vehicle to willfully fail or refuse to bring the vehicle to a stop, or attempt to elude a pursuing police officer or police vehicle, when given visual or audible signal to bring the vehicle to a stop by a police officer. If the police officer is not in a vehicle, the signal given by such police officer shall be by hand or voice, and the police officer must be in uniform or otherwise be clearly identifiable as a police officer. If the police officer is in a vehicle, the visual signal shall be by flashing red or red and blue lights, and the audible signal shall be by emergency siren.

## PROCEDURES

### I. GENERAL

A. **Establishing the Offense.** <u>The most critical aspect of charging resisting is to ensure that the amount and type of resisting done by the subject was substantial enough to warrant arrest.</u> Once established, however, the investigation of any remaining elements constituting the crime are conventional.

B. **Insufficient Resisting and Alternate Charges.** Should officers determine that the person's conduct did not meet the level required for an arrest under the Municipal Ordinance of Resisting an Officer; an alternate charge might be considered. Since "resisting an officer" is so general, officers would be wise to consider a more specific, descriptive charge. The following charges are

typical of those acts committed to resist or interfere with officers which have their own particular section to charge under:

   1. Assault (on a police officer)

   2. Disorderly conduct

   3. Operation of vehicles on approach of authorized emergency vehicles, (traffic citation)

C. **Failing to Identify-Alternatives to Arrest.** Officers not only have the authority, but in fact the duty to investigate suspicious circumstances. The primary element of that investigation is to fully identify the people involved. Since officers are not able to arrest solely for failing to identify one's self, other investigative techniques must be considered. The following is offered as an aid to officers confronted with such a situation:

   1. Generally, people will identify themselves. The procedure "Custody--Field Interviews" discusses various methods of enhancing voluntary compliance.

   2. If driving, the driver <u>must</u> furnish an operator's license for identification.

   3. When standards are met, the officer may photograph the subject(s).

D. **Blending Charges.** As with any other charging situation, the blending of State and Municipal charges must be avoided.

## II. OTHER PROVISIONS OF THE MUNICIPAL RESISTING ORDINANCE

**AMC 8.30.010,** paragraph B. This section defines "public officer."

**AMC 9.28.011.** This section of the Municipal traffic code addresses vehicle operators who elude the police. The ordinance requires willfully disregarding the visual or audible signal to stop. To charge:

If officers are not in a vehicle, then officers must be in uniform or otherwise clearly identifiable as a police officer;

**-OR-**

If officers are in a vehicle, the vehicle must display flashing red or red and blue lights, and the audible signal shall be by emergency siren.

# 3AN-22-05320CR Municipality of Anchorage vs. Briggs, Joshua Doyle UNK3AN

- Case Type:
- Criminal
- Case Status:
- Open
- File Date:
- 07/14/2022
- Case Judge:
- Not Assigned (3AN)

All Information | Party | Charge | Event | Docket

## Party Information

**Briggs, Joshua Doyle**
- Defendant

- DOB
- 04/19/1982

Alias

**Party Attorney**
- Attorney
- Franklin, Adam R
- Bar Code
- 0907034
- Phone
- (907)770-9000

**Municipality of Anchorage**
- Prosecution

- DOB

Alias

**Party Attorney**
- Attorney
- Municipal Prosecutor
- Bar Code
- MP3AN
- Phone

## Party Charge Information

**Briggs, Joshua Doyle**
- Defendant
- Charge # 1:
- **AMC830120A2-V1 - Class B Misdemeanor (City)**     AMC8.30.120(A)(2): Disorderly Conduct-Loud Noise, Public

- Original Charge
- AMC830120A2-V1 AMC8.30.120(A)(2): Disorderly Conduct-Loud Noise, Public (Class B Misdemeanor (City))
- Indicted Charge
- 
- Amended Charge
- 
- DV Related?
- No
- Modifiers
- None
- Stage Date
- 09/12/2022

- ATN #
- 117159921
- Tracking #
- 001
- Offense Location
- Anchorage
- Date of Offense
- 07/12/2022

**Briggs, Joshua Doyle**
- Defendant
- Charge # 2:
- **AMC810110A1 - Class B Misdemeanor (City)**     AMC8.10.110(A)(1): Harassment-Likely to Provoke Violence

- Original Charge
- AMC810110A1 AMC8.10.110(A)(1): Harassment-Likely to Provoke Violence (Class B Misdemeanor (City))
- Indicted Charge
- 
- Amended Charge

- ATN #
- 117159921
- Tracking #
- 002
- Offense Location
- Anchorage

Exhibit 4, page 1

Case 3:22-cv-00265-SLG   Document 8-1   Filed 12/22/22   Page 11 of 12

- - DV Related?
  - No
  - Modifiers
  - None
  - Stage Date
  - 09/12/2022
- - Date of Offense
  - 07/12/2022

**Party Charge Disposition**
Disposition Date
Disposition
09/13/2022
Dismissed.No Probable Cause.CrR5(d)&4(a)(1);MO4(e)

### Events

| Date/Time | Location | Type | Result | Event Judge |
|---|---|---|---|---|
| 09/12/2022 09:00 AM | Courtroom B-1, Nesbett Courthouse | Arraignment: Muni/City (Out of Custody) | Hearing Continued | Arr Dist Ct Out of Custody, Block Judge: |
| 09/13/2022 09:00 AM | Courtroom B-1, Nesbett Courthouse | Arraignment: Muni/City (Out of Custody) | Hearing Held | Arr Dist Ct Out of Custody, Block Judge: |
| 10/10/2022 01:30 PM | Anchorage Courtroom | Representation Hearing: Dist Ct (Out of Custody) | Entry of Appearance. Hearing Vacated. | Criminal Event, Block Judge: |
| 10/24/2022 09:00 AM | Anchorage Courtroom | Muni Pre-Trial Conference: District Court Criminal | Hearing Continued | Criminal Event, Block Judge: |
| 12/05/2022 01:00 PM | Courtroom 49, Boney Courthouse | Motion Call | Case Disposed | Chung, Jo-Ann M |
| 02/06/2023 09:00 AM | Anchorage Courtroom | Muni Pre-Trial Conference: District Court Criminal | Hearing Vacated | Criminal Event, Block Judge: |

### Docket Information

| Date | Docket Text |
|---|---|
| 07/14/2022 | Charging Document Pending |
| 07/14/2022 | Order and Conditions - Release per Schedule |
| 09/12/2022 | Initial Charging Document |
| 10/06/2022 | Attorney Information: Entry of Appearance and Consent to Service by Email<br>Attorney Franklin, Adam R representing Defendant Briggs, Joshua Doyle as of 10/06/2022<br>Adam R Franklin (Attorney) on behalf of Joshua Doyle Briggs (Defendant) |
| 10/06/2022 | Consent to Proceed<br>Joshua Doyle Briggs (Defendant); |
| 11/01/2022 | Motion to Compel Internal Affairs Investigation and Personnel Information of APD Officer Who Witnessed Alleged Crime, Investigated Alleged Crime, and Arrested Defendant<br>Attorney: Franklin, Adam R (0907034)<br>Filing Party: Briggs, Joshua Doyle<br>Case Motion #1 |
| 11/10/2022 | Non-Opposed Motion for Extension of Time to File Response<br>Attorney: Poitra-Chalmers Esq, Helen O (1311087)<br>Filing Party: Municipality of Anchorage<br>Case Motion #2 |
| 11/16/2022 | Order Granting Motion for extension of time<br>Judge David Wallace<br><br>    Municipality of Anchorage<br><br>Case Motion #2<br>Non-Opposed Motion for Extension of Time to File Response |
| 11/17/2022 | Motion to Dismiss Complaint and Information<br>Attorney: Franklin, Adam R (0907034)<br>Filing Party: Briggs, Joshua Doyle<br>Case Motion #3 |

Exhibit 4, page 2.