Linda J. Johnson
Sean Halloran
Assistant Municipal Attorneys
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
Email: uslit@muni.org

Attorneys for Defendants Orean Yi
and Municipality of Anchorage

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOSHUA BRIGGS | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) ) |
| OREAN YI in his personal capacity; and MUNICIPALITY OF ANCHORAGE, | ) ) ) |
| Defendants. | ) ) |

Case No. 3:22-cv-00265-SLG

**REPLY TO OPPOSITION TO MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION FOR PRELIMINARY INJUNCTION**

At Docket 11, defendants Municipality of Anchorage and Yi requested an extension of time, until February 15, 2022, to respond to the motion for a preliminary injunction at Docket 8. Mr. Briggs partially opposed the motion for an extension at Docket 12. The defendants herein reply.

According to Mr. Briggs, the fact that the undersigned has other commitments and obligations that preclude being able to immediately respond substantively to his motion

for an injunction is irrelevant when Mr. Briggs and unidentified others are "deprived of their constitutional rights for five weeks longer than necessary". [Docket 12 at 5.] However, Mr. Briggs offers absolutely no evidence of any kind to suggest that he or anyone else will be deprived of any rights. Even though the defendants pointed out in their motion for an extension that Mr. Briggs does not show that he or anyone else is facing prosecution under the ordinance he challenges or is even being threatened with prosecution, he again fails to assert as much when opposing the requested extension. [*See* Dockets 12, 12-1.] Moreover, his motion for an injunction clearly states that Mr. Briggs is not facing any such threat, as he reports that "the Alaska District Court dismissed the disorderly conduct charge" that underlies this litigation. [Docket 8 at 4; *see* Docket 8-1 at 12 ("case disposed").]

    Mr. Briggs further suggests that opposing his motion won't require any time commitment from the undersigned, because "there is no factual inquiry that needs to be undertaken" when a facial challenge is made. [Docket 12 at 4.] This assertion, however, is belied by the fact that his request for an injunction, although labeled as a facial challenge, is founded upon numerous allegations that the ordinance was unconstitutionally applied to him. [*See* Docket 8.] Indeed, pages 5 through 10 of his motion argue that "Briggs's constitutional rights were violated" because "there was no probable cause to arrest Briggs" for disorderly conduct, even though the court apparently found probable cause to exist. [*Id.* at 5-10; *see* Docket 8-1 at 11-12 (finding no probable cause for harassment charge only).] Further, Mr. Briggs' motion for an injunction requests relief on the perplexing basis that a policy directing officers to avoid making

Reply to Opp to Mtn for Extension of Time to File Response to Preliminary Injunction
*Briggs, Joshua v. Orean Yi , MOA*; Case No. 3:22-cv-00265-SLG
Page 2 of 3

Case 3:22-cv-00265-SLG   Document 15   Filed 01/12/23   Page 2 of 3

arrests "solely on a subject's lack of cooperation, rudeness, failure to provide identification, or challenge to the officer's authority" somehow establishes that "Anchorage has an official policy encouraging police to arrest people for disorderly conduct simply for exercising their Constitutional rights". [Docket 8 at 14, 15.] Addressing these and other apparent contradictions will require factual investigation as well as legal analysis, and will take some amount of time. As stated in the defendants' request for an extension of time, just figuring out the basis for his request is going to require considerable time and effort before the defendants can properly respond to the motion.

There has been no showing that this case, in which an Answer to the Complaint is not yet due, needs to be expedited. The plaintiff will not be prejudiced by granting the requested extension, and the defendants have shown that the request is justified. The requested extension of time is reasonable and should be granted accordingly.

Respectfully submitted this 12th day of January, 2023.

BLAIR M. CHRISTENSEN
Acting Municipal Attorney

By: /s/ Sean Halloran
Municipal Attorney's Office
Alaska Bar No. 9211080
Assistant Municipal Attorney

Certificate of Service
The undersigned hereby certifies that on January 12, 2023, a true and correct copy of the foregoing was served by electronic means through the ECF system as indicated on the Notice of Electronic Filing.

/s/Amber J. Cummings
Amber J. Cummings, Legal Secretary
Municipal Attorney's Office

Reply to Opp to Mtn for Extension of Time to File Response to Preliminary Injunction
*Briggs, Joshua v. Orean Yi , MOA*; Case No. 3:22-cv-00265-SLG
Page 3 of 3

Case 3:22-cv-00265-SLG   Document 15   Filed 01/12/23   Page 3 of 3