Thomas A. Dosik, LLC
721 W. 1st Avenue
Anchorage, AK 99501
(907) 360-7953
Thomas@dosik.biz
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| JOSHUA D. BRIGGS,<br><br>   Plaintiff,<br><br>v.<br><br>OREAN YI, in his personal capacity; and MUNICIPALITY OF ANCHORAGE,<br><br>   Defendants. | **Case No. 3:22-cv-00265-SLG** |

**Motion to Deem Allegations Admitted and Strike Affirmative Defenses**

Defendants' Answer[1] fails to comply with Rule 8 of the Federal Rules of Civil Procedure, and therefore certain allegations should be deemed admitted, and all of Defendants' affirmative defenses must be stricken. The sooner these deficiencies are addressed, the sooner the parties will know exactly what they are litigating and can avoid spending unnecessary time and money on extraneous issues.

---

[1] Docket 17.

I. **Answers not Compliant with Rule 8 Must be Deemed Admissions.**

Under Rule 8 of the Federal Rules of Civil Procedure "an opposing party has three options for responding to an allegation: (1) it can admit the allegation; (2) it can deny the allegation; or (3) it can state that it lacks information or knowledge sufficient to form a basis to either admit or deny."[2] As the Federal Rule commentators state:

> It is (unfortunately) common for lawyers to use responses other than the three options of admitting, denying, and stating lack of information. For example, lawyers sometimes will respond to an allegation by saying that "it is a legal conclusion that requires no response." Also, when an allegation concerns the content of a document, lawyers sometimes will respond by saying that "the document speaks for itself." Under a strict interpretation of Rule 8(b), these responses constitute admissions; this is because they are not denials, and Rule 8(b)(6) treats all allegations not denied as having been admitted. Thus, lawyers who make use of "other responses" risk having them stricken or treated as admissions unless the court construes them otherwise.

As Judge Milton Shadur stated in *State Farm Mut. Auto. Ins. Co. v. Riley*

> Another regular offender is the lawyer who takes it on himself or herself to decline to respond to an allegation because it "states a legal conclusion." That of course violates the express Rule 8(b) requirement that *all* allegations must be responded to. But perhaps even more importantly, it disregards established law from the highest authority on down that legal conclusions are an integral part of the federal notice pleading regime (*Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Denton v. Hernandez,* 504 U.S. 25, 31, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992).[3]

---

[2] General Rules of Pleading, *1 Federal Rules of Civil Procedure*, Rules and Commentary Rule 8 (citing cases).
[3] 199 F.R.D. 276, 278 (N.D. Ill. 2001).

Motion to Deem Allegations Admitted and Strike Affirmative Defenses
*Briggs v. Yi* Case No. 3:22-cv-00265-SLG
Page 2
Case 3:22-cv-00265-SLG   Document 18   Filed 01/23/23   Page 2 of 10

Moreover, "a party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest."[4] An allegation is admitted if responsive pleading is required and the allegation is not denied.[5]

A significant number of Defendants' responses fail to meet the basic requirements of Rule 8. Each deficiency is addressed in turn:

(a) **Paragraph 4.**

In Paragraph 4 Briggs alleged that at "all times relevant to the claims made here Defendants acted under color of state law." Defendants respond to this allegation by stating "Defendants deny that they acted beyond the bounds of lawful authority. Defendants admit that Officer Yi was in uniform and acting in his capacity as a police officer." This denial does not fairly respond to the substance of the allegation. The allegation in this paragraph is not that Defendants acted beyond the bounds of lawful authority but that they acted under color of state law. The admission that Yi acted in his capacity as a police officer says nothing about the Municipality acting under color of state law. The allegations must be deemed admitted.

(b) **Paragraph 23.**

In Paragraph 23 of the complaint Briggs alleged that: "Yi and the rest of the Anchorage Police failed to capture the incident on body worn cameras."[6] Defendants answered this paragraph by stating "The police officers in the Municipality do not use

---

[4] FRCP 8(b)(4).
[5] FRCP 8(b)(6).
[6] Docket 1, p. 7.
Motion to Deem Allegations Admitted and Strike Affirmative Defenses
*Briggs v. Yi*     Case No. 3:22-cv-00265-SLG
Page 3
Case 3:22-cv-00265-SLG    Document 18    Filed 01/23/23    Page 3 of 10

"body worn cameras" and therefore the Defendants deny the allegations in paragraph 24"[7] Aside from the fact Defendants seem to be confusing Paragraph 23 and Paragraph 24, the response is inherently contradictory, and a bad faith denial. Defendants cannot capture an incident on body warn cameras if they do not use body worn cameras. Either Anchorage Police failed to capture the incident on body worn cameras or they did not fail to capture the incident on body worn cameras. The inherent contradiction in the answer requires that this response be deemed an admission.

**(c) Paragraph 29.**

In Paragraph 29 Briggs alleged that:

> On August 31, 2022, and September 1, 2022, Officer John Glor of the Anchorage Police Department conducted interviews of various witnesses to the July 12 incident at the Holiday Stationstore. Upon information and belief Officer Glor's interviews were conducted in furtherance of an internal investigation undertaken in response to Briggs's complaint.[8]

Defendants answered by stating "Defendants admit an investigation of the complaint made by Briggs was conducted."[9] Defendants failure to respond to the remaining parts of allegation 29 must be deemed an admission that they are true.

**(d) Paragraphs 42, 43, and 45.**

---

[7] Docket 17, p. 5.
[8] Docket 1, p. 8.
[9] Docket 17, p. 5.

Motion to Deem Allegations Admitted and Strike Affirmative Defenses
*Briggs v. Yi* Case No. 3:22-cv-00265-SLG
Page 4
Case 3:22-cv-00265-SLG Document 18 Filed 01/23/23 Page 4 of 10

Defendants respond to Paragraphs 42, 43, and 45 of the Complaint by stating "Briggs purports to set forth the law to which no response is required."[10] Actually, a response is required. Rule 8 makes no exception for allegations that "purport to set forth the law."[11] Defendants' failure to respond must be deemed an admission to these allegations.

**(e) Paragraph 61.**

In Paragraph 61 Briggs alleged that "In June of 2020, years after the vast majority of police agencies in the United States began equipping their officers with body worn cameras, Anchorage Police Department announced it would begin the process of equipping its officers with cameras and asked the Anchorage Assembly for funding."[12] Defendants respond to this allegation by stating "Admit that APD announced the desire to pursue body worn cameras in June 2020. The remainder of Briggs' statement is too vague and therefore Defendants cannot admit or deny the allegations in paragraph 61."[13] An accusation of vagueness is not one of the permitted responses under Rule 8, and therefore the allegations in this paragraph must be deemed admitted.

**(f) Paragraph 64.**

In Paragraph 64 Briggs alleged that "[i]n April of 2021, Anchorage residents approved the special levy and agreed to voluntarily tax themselves an additional $1.8

---

[10] Docket 17, p. 6.
[11] See also *State Farm Mut. Auto. Ins. Co. v. Riley*, 199 FRD at 278.
[12] Docket 1, p. 13.
[13] Docket 17, p. 7.

Motion to Deem Allegations Admitted and Strike Affirmative Defenses
*Briggs v. Yi* Case No. 3:22-cv-00265-SLG
Page 5

Case 3:22-cv-00265-SLG Document 18 Filed 01/23/23 Page 5 of 10

million to fund body cameras for the Anchorage Police Department."[14] Defendants responded by saying "[t]he language of the levy and the outcome of the vote speaks for itself."[15] This is a failure to deny and must be deemed an admission.

### (g) Paragraph 66.

In Paragraph 66 Briggs alleged that "Chief Kerle's embarrassment is not an adequate substitute for effective supervision of police officers."[16] Defendants' answer this by saying "[t]he statement in paragraph 66 is Briggs' opinion, and not a question of fact. Defendants deny any remaining allegation in paragraph 66." Statements of opinion as well as statements of fact require a response under Rule 8. Defendants' failure to deny this allegation must be deemed and admission.

### (h) Paragraph 71.

In Paragraph 71 Briggs alleged that "[e]very police officer is required to know the basic Constitutional rights afforded to the citizenry."[17] Defendants answer this allegation by with "[t]he statement made in this paragraph is an oversimplification of the law and police officer training. Defendants deny the remainder of the allegations in paragraph 71."[18] It is unclear what portions of the single sentence allegation are being denied and which are being admitted, and therefore the entire allegation must be deemed admitted.

### (i) Paragraph 81.

---

[14] Docket 1, p. 13.
[15] Docket 17, p. 7.
[16] Docket 1, p. 14.
[17] Docket 1, p. 15.
[18] Docket 17, p. 8.

Motion to Deem Allegations Admitted and Strike Affirmative Defenses
*Briggs v. Yi*     Case No. 3:22-cv-00265-SLG
Page 6
Case 3:22-cv-00265-SLG   Document 18   Filed 01/23/23   Page 6 of 10

In Paragraph 81 Briggs made an allegation regarding the text of Anchorage Municipal Code 08.30.120.[19] Defendants responded by saying "[i]t appears that Briggs has accurately transcribed AMC 08.30.120. The paragraph does not assert any fact that needs to be denied or admitted."[20] Defendants are incorrect, all allegations must be admitted or denied. The failure to deny must be deemed an admission.

## II. All Affirmative Defenses Must Be Stricken.

Under Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A "redundant" defense is one that includes allegations that are wholly foreign to the issues involved or the needless repetition of allegations.[21] An "immaterial" defense is one that has no essential or important relationship to the claim for relief. An "impertinent" defense is one that includes allegations that do not pertain, and are not necessary, to the issues in question.[22]

The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues.[23] To again quote Judge Shadur:

> It is unacceptable for a party's attorney simply to mouth [Affirmative Defenses] in formula-like fashion ("laches," "estoppel," "statute of limitations" or what have you), for that does not do the job of apprising opposing counsel and this

---

[19] Docket 1, pp. 16-17.
[20] Docket 17, p. 9.
[21] *Hernandez v. Dutch Goose, Inc.*, 2013 WL 5781476, *4 (N.D. Cal. 2013).
[22] Id.
[23] *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973–74 (9th Cir. 2010).

Motion to Deem Allegations Admitted and Strike Affirmative Defenses
*Briggs v. Yi*     Case No. 3:22-cv-00265-SLG
Page 7
Case 3:22-cv-00265-SLG   Document 18   Filed 01/23/23   Page 7 of 10

> Court of the predicate for the claimed defense—which is after all the goal of notice pleading.[24]

Or, more succinctly, a "defense is insufficiently pled if it fails to give the plaintiff fair notice of the nature of the defense."[25] "Mere reference to a legal doctrine is not a sufficient affirmative defense absent allegations of supporting facts."[26]

Defendants have failed to meet even the most minimal standards for pleading affirmative defenses, and simply created a laundry list of legal doctrines:

> 1. Briggs failed to state a claim on which relief can be granted.
>
> 2. The conduct of Defendants of which Briggs complains was justified under Alaska Statute.
>
> 3. Briggs lacks standing to raise objections to or otherwise challenge the constitutionality of AMC 08.30.120.
>
> 4. Briggs' alleged harm was caused by his own acts and/or omissions. See AS 09.17.080.
>
> 5. Defendants acted in a manner that was proper, reasonable, lawful and exercised in good faith.
>
> 6. Defendants are immune from liability for the alleged harm that Briggs asserts.
>
> 7. Briggs claims are barred, in whole or in part, by AS 09.65.070, and other applicable statutory and common law immunities.

---

[24] *Riley*, 199 F.R.D. at 279.
[25] *See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir.1979).
[26] *Hartford Underwriters Insurance Company v. Kraus USA Inc.*, 313 F.R.D. 572, 576 (N.D.Cal 2016).

Motion to Deem Allegations Admitted and Strike Affirmative Defenses
*Briggs v. Yi* Case No. 3:22-cv-00265-SLG
Page 8

Case 3:22-cv-00265-SLG   Document 18   Filed 01/23/23   Page 8 of 10

8. Defendants are immune under absolute, official and/or qualified immunity.

9. Briggs' claims, and each and every count contained therein, fails to state a cause of action or claim upon which relief can be granted.

10. Briggs' claims are void, being in violation of public policy.

11. Defendants are entitled to the benefits of AS 09.17.010 *et seq*.

12. The damages alleged by Briggs, if any, was directly and legally caused by his own conduct constituting comparative negligence, and damages, if any, must be proportionately reduced according to the percentage of fault of the comparative negligence.

13. Briggs unreasonably failed to take advantage of any preventive or corrective opportunities provided by the MOA to avoid harm. 14. Briggs failed to mitigate his damages as required by law.

15. Briggs' claims are barred by res judicata and/or collateral estoppel.

16 Defendants exercised reasonable care to prevent or correct any alleged damages.

17. Punitive damages are not available against the Municipality. *Hazen v. Municipality of Anchorage*, 718 P.2d 456 (Alaska 1986). To the extent that punitive damages are sought from Officer Yi, they are not warranted under the applicable facts and law.

18. Defendants reserve the right to assert any additional affirmative defenses as may be revealed by further investigation and/or discovery in this action.[27]

---

[27] Docket 17, pp. 9-11.

Motion to Deem Allegations Admitted and Strike Affirmative Defenses
*Briggs v. Yi* Case No. 3:22-cv-00265-SLG
Page 9
Case 3:22-cv-00265-SLG   Document 18   Filed 01/23/23   Page 9 of 10

Defendants do not offer a single supporting fact for a single one of their eighteen affirmative defeneses. This list of legal platitudes utterly fails to give notice of the nature of the defenses and must therefore be stricken.

Particularly impertinent are defenses 2, 3, 4, 7, 11, and 17. These defenses all are based on Alaska state law. Briggs has brought all of his claims under Federal statutes and the Federal Constitution. There is no "Alaska exception" to the Supremacy Clause. There is no conceivable good faith argument that these legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. Defense counsel skating on dangerously thin ice here.

## Conclusion

For the foregoing reasons the allegations in Plaintiffs' complaint at the paragraphs enumerated above must be deemed admitted, and all of Defendants' affirmative defenses stricken.

Done this 23rd day of January, 2023

Thomas A. Dosik, LLC
Attorney for Plaintiff

By: /s/ Thomas A. Dosik
Thomas A. Dosik
Alaska Bar No. 9505018

Motion to Deem Allegations Admitted and Strike Affirmative Defenses
*Briggs v. Yi*     Case No. 3:22-cv-00265-SLG
Page 10
Case 3:22-cv-00265-SLG    Document 18    Filed 01/23/23    Page 10 of 10