Linda J. Johnson
Sean Halloran
Assistant Municipal Attorneys
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
Email: uslit@muni.org

Attorneys for Defendants Orean Yi
and Municipality of Anchorage

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOSHUA BRIGGS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| OREAN YI in his personal capacity; and | ) |
| MUNICIPALITY OF ANCHORAGE, | ) |
| | ) |
| Defendants. | ) |
| | ) Case No. 3:22-cv-00265-SLG |

## OPPOSITION TO
## MOTION TO DEEM ALLEGATIONS ADMITTED AND STRIKE AFFIRMATIVE DEFENSES

Defendants Municipality of Anchorage and Orean Yi oppose the motion filed by Plaintiff Joshua Briggs to deem "certain allegations" admitted and to strike Defendants' affirmative defenses. There is no basis in fact or law for the remedy sought and the motion should be denied.

## I. AFFIRMATIVE DEFENSES.

Briggs makes the unusual request for the Court to strike every single affirmative defense raised by Defendants relying on Fed. R. Civ. P. 12.

When naming an affirmative defense pursuant to Fed. R. Civ. P. 8(c), a defendant is not required to "show" entitlement to its defense. Applying the same standard of pleading required by a plaintiff in Rule 12 to the claims and affirmative defenses of the defendant governed by Rule 8, despite a clear distinction in the rules' language, would run counter to the Supreme Court's warning in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937 (2009), that legislative action, not "judicial interpretation" is necessary to "broaden the scope" of specific federal pleading standards. *Twombley,* 550 U.S. at 569 n. 14. It is reasonable to impose stricter pleading requirements on a plaintiff who has significantly more time to develop factual support for his claims than a defendant who is only given 20 days to respond to a complaint and assert its affirmative defenses.

Briggs' motion appears to be a ploy to learn the thought process of the Municipal attorneys as to their defenses, as well as an attempt to create work for the Municipal attorney's office. In *Van v. LLR, Inc.,* 523 F.Supp.3d 1077 (D. Alaska 2021) the District Court acknowledged that motions to strike are viewed with disfavor, "since such motions are frequently used as stalling tactics and since pleadings are of limited importance in federal practice." *Id.* citing *Platte Anchor Bolt, Inc v. IHI, Inc.*, 352 F.Supp.2d 1048, 1057 (N.D. Calif. 2004). See also 5C Charles Alan Wright & Arthur R. Miller, Federal Practice

Opposition to Motion to Deem Allegations Admitted and Strike Affirmative Defenses
*Briggs, Joshua v. Orean Yi , MOA*; Case No. 3:22-cv-00265-SLG
Page 2 of 14

Case 3:22-cv-00265-SLG   Document 20   Filed 02/06/23   Page 2 of 14

and Procedure §1380 (3d ed. 2004). The District Court in *Van v. LLR* cited with favor to the statement made in *Kubanyi v. Golden Valley Electric Association*, Case No. 4:04-cv-0026-RRB, 2007 WL 9697873, at *3 (D. Alaska May 25, 2007) (quoting 5C Wright & Miller, Federal Practice and Procedure, §1381, at 427-28 (3d ed.)) which said "[A] motion to strike will not be granted if the insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits." Other courts have also held that before a motion to strike affirmative defenses may be granted, the Court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed. See *Jones v. Sweeney*, 2006 WL 1439080 (Cent. D. Calif. 2006) citing to *SEC v. Sands,* 902 F.Supp. 1149, 1165 (E.D. CA 1995). These are the standards that the Court should use when considering Briggs' motion to strike.

The motion to strike Defendants' affirmative defenses is unwarranted in this case. Briggs has not set forth the rationale to strike any specific affirmative defense, rather he has asserted that the Defendants must "reference to a legal doctrine" and that his assertion is, by itself, enough for the court to find the affirmative defenses insufficient. Briggs' assertion is not consistent with the dictates of the Rule 8 standard. The request to strike every defense is frivolous and recklessly brought. Defendants' affirmative defenses were not inappropriate and each meets the federal rule standard. The motion should be denied.

Although Briggs did not set forth the rationale for each affirmative defense, Defendants outline their defenses below. Legal briefing or factual development maybe

Opposition to Motion to Deem Allegations Admitted and Strike Affirmative Defenses
*Briggs, Joshua v. Orean Yi , MOA*; Case No. 3:22-cv-00265-SLG
Page 3 of 14

Case 3:22-cv-00265-SLG   Document 20   Filed 02/06/23   Page 3 of 14

required in the future, which should cause the Court to deny the motion. Briggs should not be permitted in his reply to raise any further alleged problems with the defenses, since he did not attempt to raise any individual argument about the defenses in his opening brief.

The following is an outline only, and does not incorporate all the factual and legal arguments available to Defendants on each matter.

**1.      Failure to state a claim on which relief can be granted.**

Defendants alleged "failure to state a claim on which relief can be granted." Briggs brought a claim for a failure to "train and supervise." He included in his argumentative pleading that the Municipality has not yet deployed body cameras, and asserts that this amounts to "intentional ignorance." There is no federal claim that can be asserted against the Municipality based upon this set of facts. The affirmative defense is accurate and should be upheld.

Further, Briggs has asked the Court to find AMC 08.30.120 unconstitutional. Briggs has no basis upon which to bring that claim, and he has failed to state a claim upon which relief can be granted. This may be addressed, at least in part, in the currently pending motion brought by Briggs.

**2.      The conduct of Defendants of which Briggs complains was justified under Alaska Statute.**

This defense under state law incorporates the concept of justification which is a defense to the False Arrest claim.

Opposition to Motion to Deem Allegations Admitted and Strike Affirmative Defenses
*Briggs, Joshua v. Orean Yi , MOA*; Case No. 3:22-cv-00265-SLG
Page 4 of 14

Case 3:22-cv-00265-SLG   Document 20   Filed 02/06/23   Page 4 of 14

Further, as stated in *Dubner v. City and County of San Francisco,* 266 F.3d 959, 964 (9th Cir.2001) "A claim for unlawful arrest is cognizable under §1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." In this case, the state court judge found that there *was* probable cause on the disorderly conduct; that Briggs' action was with "reckless disregard for the peace and privacy of others." See *Municipality v. Briggs*, 3AN-22-05320CR, oral argument and ruling dated September 13, 2022. Therefore justification is an appropriate defense.

**3. Briggs lacks standing to raise objections to or otherwise challenge the constitutionality of AMC 08.30.120.**

This affirmative defense is simple Briggs lacks the standing to raise objections to or otherwise challenge the constitutionality of AMC 08.30.120. Although standing, a jurisdictional issue, can be raised at any time[1], Defendants notified Briggs of the issue in its affirmative defenses. There is no reason for the Court to strike a jurisdictional statement of defense.

**4. Briggs' alleged harm was caused by his own acts and/or omissions. See AS 09.17.080.**

Briggs' caused any alleged harm with his own acts and/or omissions Briggs' failure to back down and stop being loud and aggressive toward Officer Yi after being warned multiple times inside the narrow space of the Holiday convenience store aisle was a cause for Briggs' arrest. It is permissible to state that the causation of the alleged harm was a product of Briggs' own conduct.

---

[1] In *Safari Club Int'l v. Rudolph*, 862 F.3d 1113, 1117 n.1 (9th Cir. 2017), the Ninth Circuit *sua sponte* addressed standing, noting that it had an independent duty to raise jurisdictional issues.

Opposition to Motion to Deem Allegations Admitted and Strike Affirmative Defenses
*Briggs, Joshua v. Orean Yi , MOA*; Case No. 3:22-cv-00265-SLG
Page 5 of 14

Case 3:22-cv-00265-SLG    Document 20    Filed 02/06/23    Page 5 of 14

**5. Defendants acted in a manner that was proper, reasonable, lawful and exercised in good faith.**

Qualified immunity shields government actors from civil liability under 42 U.S.C. §1983 if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. The affirmative defense discusses part of the standard required.

**6. Defendants are immune from liability for the alleged harm that Briggs asserts.**

See affirmative defense number 8.

**7. Briggs' claims are barred, in whole or in part, by AS 09.65.070, and other applicable statutory and common law immunities.**

For state law claims, which appears to include the claims of failure to train and supervise and the constitutionality and/or application of AMC 08.30.120, state remedies like AS 9.65.070 may apply. See further immunities in #8.

**8. Defendants are immune under absolute, official and/or qualified immunity.**

Qualified immunity is an available legal defense to claims of constitutional violation. At a minimum, Officer Yi is entitled to raise qualified immunity as an affirmative defense. See e.g. *Anderson v. Creighton*, 483 U.S. 635 (1987). That Plaintiff failed to acknowledge the availability of qualified immunity is disappointing. Qualified immunity shields government actors from civil liability under 42 U.S.C. §1983 if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. This issue is a likely subject of a motion for

Opposition to Motion to Deem Allegations Admitted and Strike Affirmative Defenses
*Briggs, Joshua v. Orean Yi , MOA*; Case No. 3:22-cv-00265-SLG
Page 6 of 14

Case 3:22-cv-00265-SLG Document 20 Filed 02/06/23 Page 6 of 14

summary judgment. See *Dahlia v. Stehr*, 491 Fed.Appx. 799 (9th Cir. 2012). The facts set forth by Briggs have outlined that the rights were not clearly established at the time of the event in question. See *District of Colombia v. Wesby*, 138 S.Ct. 577, 589 (2008).

The Municipality of Anchorage also has applicable immunities. In *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247 2748 (2000) the Supreme Court held that municipalities are immune from punitive damages.

The examples of immunity provided are sufficient to maintain this affirmative defense. There may be others not named herein.

**9. Briggs' claims, and each and every count contained therein, fails to state a cause of action or claim upon which relief can be granted.**

See affirmative defense #1.

**10. Briggs' claims are void, being in violation of public policy.**

Briggs alleges that because the Municipality of Anchorage has not yet bought and equipped every police officer with a body camera, that action constitutes liability in his favor as a "failure to train and supervise" its police officers. The allegation is nonsense.

It is a violation of public policy for Briggs to allege that the Municipality must a. purchase body worn cameras in any time frame; b. equip every police officer with a body worn camera; c. require use of a body worn camera in every circumstance; or any other such application.

**11. Defendants are entitled to the benefits of AS 09.17.010 *et seq*.**

The caps imposed by the state statutes apply to all state law claims.

Opposition to Motion to Deem Allegations Admitted and Strike Affirmative Defenses
*Briggs, Joshua v. Orean Yi , MOA*; Case No. 3:22-cv-00265-SLG
Page 7 of 14

Case 3:22-cv-00265-SLG   Document 20   Filed 02/06/23   Page 7 of 14

**12. The damage alleged by Briggs, if any, was directly and legally caused by his own conduct constituting comparative negligence, and damages, if any, must be proportionately reduced according to the percentage of fault of the comparative negligence.**

Briggs has made it abundantly clear that he dislikes police officers based on "past" police interactions. He or his friends alleged that his dislike was the cause of his behavior in the Holiday Station store. Briggs' intentional harassment and disorderly conduct caused his arrest. Fault must be apportioned for any state claim.

**13. Briggs unreasonably failed to take advantage of any preventive or corrective opportunities provided by the MOA to avoid harm.**

Briggs asserted a request for general damages and included loss or for "damage to reputation." His post(s) to social media about his arrest, and the posts of his friends, publicized the arrest and either caused or contributed to his alleged reputational damages.

**14. Briggs failed to mitigate his damages as required by law.**

Briggs asserted a request for general damages and did not spell out what he expected those damages to cover. If he intends to ask for compensation for economic loss or for reputational loss, his post to social media about his arrest was the act that publicized his arrest and either caused or contributed to his alleged damages. For state law claims, mitigation of damages is required. *Anchorage Independent School District v. Stephens*, 370 P.2d 531, 533 (Alaska 1962). Even in §1983 claims, a plaintiff must mitigate his damages. See *Baxter v. D'Amico*, 2009 WL 1154217 (9th Cir. 2009).

Opposition to Motion to Deem Allegations Admitted and Strike Affirmative Defenses
*Briggs, Joshua v. Orean Yi , MOA*; Case No. 3:22-cv-00265-SLG
Page 8 of 14

Case 3:22-cv-00265-SLG   Document 20   Filed 02/06/23   Page 8 of 14

**15. Briggs' claims are barred by res judicata and/or collateral estoppel.**

Briggs and his attorney already challenged whether probable cause existed for his arrest. The state court dismissed the harassment charge but ruled that there *was* probable cause on the disorderly conduct; that Briggs' action was with "reckless disregard for the peace and privacy of others." Briggs should not be permitted to relitigate this criminal law question. See *Municipality v. Briggs*, 3AN-22-05320CR, oral argument and ruling dated September 13, 2022.

**16. Defendants exercised reasonable care to prevent or correct any alleged damages.**

Officer Yi contacted his Sergeant to make him aware of the arrest that took place. Further, APD conducted an investigation upon a complaint made by Briggs. Defendants thereby exercised reasonable care to prevent or correct any alleged damages and this defense is factually based.

**17. Punitive damages are not available against the Municipality. *Hazen v. Municipality of Anchorage*, 718 P.2d 456 (Alaska 1986). To the extent that punitive damages are sought from Officer Yi, they are not warranted under the applicable facts and law.**

It is black letter law that punitive damages claims cannot be brought against a governmental entity, like a municipality. The U.S. Supreme Court held that a municipality is immune from punitive damages in §1983 cases. *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247 2748 (2000). For state law cases, *Hazen v. Municipality of Anchorage*, 718 P.2d 456 (Alaska 1986) is black letter law prohibiting punitive damages.

Opposition to Motion to Deem Allegations Admitted and Strike Affirmative Defenses
*Briggs, Joshua v. Orean Yi , MOA*; Case No. 3:22-cv-00265-SLG
Page 9 of 14

Case 3:22-cv-00265-SLG   Document 20   Filed 02/06/23   Page 9 of 14

**18. Defendants reserve the right to assert any additional affirmative defenses as may be revealed by further investigation and/or discovery in this action.**

This is a standard statement in every answer filed in every case. The Court should not dismiss this statement.

## II. THE COURT SHOULD NOT DEEM ANY PARAGRAPH ADMITTED.

Fed. R. Civ. P. 8(b)(4) requires that a party admit any part of an allegation that is true and deny the remainder. In keeping with the Federal Civil Rule's instruction, Defendants admitted those parts of the paragraphs that could be admitted and denied the remainder.

Typically if there is any nuance in an answer, a party will issue discovery requests for clarification, assuming the nuance is important to an element or fact that needs to be proven by the party. Rather than using the discovery process to explore any possible question, Briggs instead seeks the judicial sanction of deeming an issue "admitted" because Briggs believes some of the answers in his eighty-three paragraph complaint were not fully responsive. This is not correct.

Briggs asks the Court to by-pass the discovery process and impose the severe sanction of ordering a matter admitted without a demonstration that the Defendants have intentionally disregarded their obligations imposed by the rules. The Court should refuse to impose this sanction against the Defendants, since Briggs has not met the high standard of proof to obtain the sanction. The motion should be denied.

Opposition to Motion to Deem Allegations Admitted and Strike Affirmative Defenses
*Briggs, Joshua v. Orean Yi , MOA*; Case No. 3:22-cv-00265-SLG
Page 10 of 14

Case 3:22-cv-00265-SLG   Document 20   Filed 02/06/23   Page 10 of 14

**Paragraph Four:** Defendants denied the assertion but admitted that which could be admitted. Briggs claims that the language used was insufficient to address his claims, but that is not required. Instead, Defendants broke his assertion of "acting under the color of law" into pieces, and admitted that which could be admitted. The response may not have been what Briggs hoped to induce, but he has the opportunity to issue discovery requests and file motions to establish what he believes is important. The answer met the Rule 8(b)(4) standard.

**Paragraph twenty-three:** Defendants stated: "The police officers in the Municipality do not use "body worn cameras" and therefore the Defendants deny the allegations in paragraph 24. Therefore, Defendants admitted that which could be admitted and denied the remainder. This answer did not violate Rule 8.

**Paragraph twenty-nine:** Defendants admitted that an investigation of the complaint filed by Briggs was conducted. Officer Glor's investigation may have been encompassed in an internal investigation. The standard of Rule 8 was met because Defendants answered that which could be answered.

**Paragraphs forty-two and forty-three:** In these paragraphs, Briggs' complaint did not set forth the context in which his client was abusive, and therefore his generalized statements of law were not matters that require much attention in a complaint. In response to these paragraphs, Defendants responded that the legal statement did not require a response. Defendants do not agree with Briggs' unqualified statement in his complaint, and indeed were not required to agree. Speech, even when directed at a police

Opposition to Motion to Deem Allegations Admitted and Strike Affirmative Defenses
*Briggs, Joshua v. Orean Yi , MOA*; Case No. 3:22-cv-00265-SLG
Page 11 of 14

Case 3:22-cv-00265-SLG   Document 20   Filed 02/06/23   Page 11 of 14

officer, may run afoul of time, place and manner restrictions. Briggs did not have an unlimited right to instigate a loud confrontation with a police officer inside a store, and then fail to heed reasonable direction to stop. The admission or denial of general legal statements is not typically a contested matter by a party. Defendants will reserve its effort for the application of the generalized statements of law that Briggs alleges. It would be reversible error for the Court to find that Defendants' answer was an admission of an incorrect application of the law.

**Paragraph forty-five:** In response to a lengthy opinion about Briggs' alleged First Amendment rights with respect to name calling, Defendants responded that the legal statement did not require a response. Briggs' is entitled to his theories of the law, but if it is not a correct statement of law Defendants were not required to admit it. It would be reversible error for the Court to find that Defendants' answer was an admission of the incorrect application of the law.

**Paragraph sixty-one:** Briggs made a vague and unquantifiable statement about what "the vast majority of police agencies" had done regarding body worn cameras. The vague statement did not talk about any particular agency, whether the agencies referenced were local, state, or federal, or even what the term "began equipping" meant. This is the sort of statement that can be further explored in discovery and therefore the honest answer that Defendants could neither admit nor deny the allegations should not cause the Court to deem the issue admitted.

Opposition to Motion to Deem Allegations Admitted and Strike Affirmative Defenses
*Briggs, Joshua v. Orean Yi , MOA*; Case No. 3:22-cv-00265-SLG
Page 12 of 14

Case 3:22-cv-00265-SLG   Document 20   Filed 02/06/23   Page 12 of 14

**Paragraph sixty-four:** Defendants stated that the language of the levy and the outcome of the vote speak for themselves. This is a common response to something that is alleged and the answer is publicly available.

**Paragraph sixty-six:** Defendants wrote that the statement in this paragraph stated Briggs' opinion, and not a question of fact. The Defendants then denied the remaining allegations. This response fully answered the question pursuant to Rule 8.

**Paragraph seventy-one:** The answer fully responded to the allegations in this paragraph. Defendants said that the allegation made was an oversimplification of the law and police training and denied the remainder of the allegations, which was in keeping with Rule 8(b).

**Paragraph eighty-one:** In this paragraph, Briggs transcribed a portion of the Code. Defendants acknowledged that the transcription of the Code was accurately represented. There was nothing else remaining in the paragraph – no "allegation" to be admitted or denied. It is unclear why Briggs insists upon anything more than an acknowledgement that the law was accurately transcribed.

## III. CONCLUSION.

The motion to deem allegations admitted and strike affirmative defenses was needlessly brought and constitutes a waste of judicial resources. The Court should deny the motion in its entirety.

Opposition to Motion to Deem Allegations Admitted and Strike Affirmative Defenses
*Briggs, Joshua v. Orean Yi , MOA*; Case No. 3:22-cv-00265-SLG
Page 13 of 14

Case 3:22-cv-00265-SLG   Document 20   Filed 02/06/23   Page 13 of 14

Respectfully submitted this 6th day of February, 2023.

                    BLAIR M. CHRISTENSEN
                    Acting Municipal Attorney

        By:   /s/ Linda J. Johnson
               Municipal Attorney's Office
               Alaska Bar No. 8911070
               Assistant Municipal Attorney

<u>Certificate of Service</u>
The undersigned hereby certifies that on February 6, 2023, a true and correct copy of the foregoing was served on:

Thomas A. Dosik

by first class regular mail, if noted above, or by electronic means through the ECF system as indicated on the Notice of Electronic Filing.

/s/Amber J. Cummings
Amber J. Cummings, Legal Secretary
Municipal Attorney's Office

Opposition to Motion to Deem Allegations Admitted and Strike Affirmative Defenses
*Briggs, Joshua v. Orean Yi , MOA*; Case No. 3:22-cv-00265-SLG
Page 14 of 14

Case 3:22-cv-00265-SLG    Document 20    Filed 02/06/23    Page 14 of 14