Thomas A. Dosik, LLC
721 W. 1st Avenue
Anchorage, AK 99501
(907) 360-7953
Thomas@dosik.biz
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| JOSHUA D. BRIGGS,<br><br>       Plaintiff,<br><br>v.<br><br>OREAN YI, in his personal capacity; and MUNICIPALITY OF ANCHORAGE,<br><br>       Defendants. | Case No. 3:22-cv-00265-SLG |

**Reply to Opposition to**
**Motion to Deem Allegations Admitted and Strike Affirmative Defenses**

    The point of the pleading process established in the Federal Rules of Civil Procedure is to clarify for the parties and the Court exactly what the legal and factual issues are that need to be litigated. Pleadings must adequately notify opposing parties of the basis for claims and defenses. Admissions and denials establish where parties agree and disagree on factual and legal points, preventing unnecessary squabbling and restricting litigation to the actual points in contention. Adherence to the Rules reduces the burden on the parties and the Court.

## I. FRCP 8 is Clear and Applies to Every Allegation.

A defendant has three choices when responding to the allegations in a complaint: 1) The defendant may admit the allegation; 2) the defendant may deny the allegation; or 3) the defendant may claim lack of knowledge sufficient to form a belief about the truth of the allegation, which has the effect of a denial.[1] There are no other options, and "a denial must fairly respond to the substance of the allegation."[2] There are no exceptions for allegations that make legal conclusions or refer to documents, statutes or ordinances. When party fails to deny an allegation—other than one relating to the amount of damages—that allegation is admitted.[3] This is not complicated.

But Defendants still chose to make things more difficult than necessary for Plaintiff and the Court. Instead of answering with simple admissions, denials, and I-don't-knows, Defendants insist that the provisions FRCP 8(b) do not apply to certain allegations and responses. In trying to avoid giving a plain and straightforward admission or denial Defendants give a host of excuses, none of which are condoned by the Federal Rules, and none of which should be taken seriously by this Court. There is no need to go through each allegation and response again. The Court can read and see for itself that in the particular paragraphs pointed out by Plaintiff, Defendants fail to either admit or deny the allegations.

---

[1] FRCP 8(b).
[2] FRCP 8(b)(2).
[3] FRCP 8(b)(6).

Defendants contend that requiring them to abide by Rule 8 amounts to a by-pass of the discovery process, and that deeming an allegation admitted is a "judicial sanction."[4] This is incorrect. A deemed admission at this stage is not the litigation ending sanction Defendants imagine it to be. Defendants may seek leave to amend their Answer, and the Federal Rules require that the Court freely give leave when justice so requires.[5] Moreover, adherence to Rule 8 does not by-pass discovery, rather it will prevent unnecessary discovery as parties will not need to elicit information regarding allegations that are not in contention. Defendants also argue that Plaintiff has failed to meet "the high standard of proof to obtain the sanction."[6] This is also incorrect. The only "proof" required is to read the Complaint and the Answer and see that Defendants failed to state a denial that fairly meets the substance of an allegation.

There is no excuse or exemption that allows Defendants to avoid answering. Even allegations that state legal conclusions or restate an ordinance must be responded to. Defendants' legally unsupported claim that "it would be reversible error for the Court to find that Defendants' answer was an admission of an incorrect application of law" is a particularly egregious distortion of the Civil Rules. If Defendants don't want an answer to be deemed an admission, then they should deny the allegation, instead of refusing to respond to it.

---

[4] Docket 20, p. 10.
[5] FRCP 15(a)(2).
[6] Docket 20, p. 10.

## II. Defendants do Not Give Adequate Notice of Affirmative Defenses.

Defendants misunderstand the requirements of pleading an affirmative defense. "Just as a plaintiff's complaint must allege enough supporting facts to nudge a legal claim across the line separating plausibility from mere possibility, a defendant's pleading of affirmative defenses must put a plaintiff on notice of the underlying factual bases of the defense."[7] Defendants here fail to provide notice of the underlying factual bases of their defenses. Requiring Defendants to fulfill this notice obligation is not a "ploy to learn the thought process of the Municipal attorneys as to their defenses,"[8] it is basic civil procedure. There is nothing sneaky or underhanded about demanding notice of the underlying factual and legal bases of the asserted defenses.

While there is still no clear resolution as which standard applies to pleading affirmative defenses, the plausibility standard from *Bell Atlantic Corp. v. Twombly*,[9] and *Ashcroft v. Iqbal*,[10] or the fair-notice standard from *Wyshak v. City Nat. Bank*,[11] there is no need to resolve that question here, as Defendants fail to meet either.

"Although fair notice is a low bar that does not require great detail, it does require a defendant to provide some factual basis for its affirmative defenses. Simply referring to a doctrine or statute is insufficient to afford fair notice, and a court need not accept fact-barren affirmative defenses or bare references to doctrines or statutes because such

---

[7] *Hartford Underwriters Ins. Co. v. Kraus USA, Inc.,* 313 F.R.D. 572, 575 (N.D. Cal. 2016).
[8] Docket 20, p. 2.
[9] 550 U.S. 544 (2007).
[10] 556 U.S. 662 (2009).
[11] 607 F.2d 824 (9th Cir. 1979).

pleadings do not afford fair notice of the nature of the defense pleaded."[12] Fair notice is indeed a low bar, but one Defendants have managed to limbo under instead of step over.

The various cases cited by Defendants to support the claim that their bare references to doctrines and statutes is an adequate pleading are inapposite, and Defendants should have recognized as much. *Van v. LLR*,[13] *Inc.* involved the merits of a particular defense, not whether it was adequately pled. In that case the Plaintiff argued "defendant's [voluntary payment doctrine] defense should be stricken because Alaska does not recognize the VPD as a defense to her causes of action."[14] The court then spent three pages analyzing the merits of the VPD defense. This is vastly different from addressing the question of whether the VPD defense was adequately pled in the first place. Likewise, the courts in *Kubanyi v. Golden Valley Electric Association*,[15] *Jones v. Sweeney*,[16] and *SEC v. Sands*[17] were all called upon to address the legal and factual merits of various affirmative defenses, not whether they were adequately pled.

None of Defendants' affirmative defenses are adequately pled. Defendants' explanation of each is therefore entirely irrelevant to this motion. Defendants cannot cure the deficiencies in their pleadings by making additional factual and legal assertions in an Opposition to a Motion to Strike, they need to seek leave to amend their answer. But

---

[12] *Acceptance Cas. Ins. Co. v. MRVK Hosp. Grp. Ltd. Liab. Co.*, 2022 WL 17455972, at *5 (E.D. Cal. Dec. 6, 2022)(Internal quotations and citations omitted).
[13] *Van v. LLR, Inc.,* 523 F. Supp. 3d 1077 (D. Alaska 2021).
[14] Id. at 1081.
[15] 2007 WL 9697873 (D.Alaska May 25, 2007).
[16] 2006 WL 1439080 (Cent. D. Calif. 2006).
[17] 902 F.Supp 1149 (C.D.Ca 1995).

Defendants apparently cannot resist playing with fire and still insist that affirmative defenses based on Alaska state law have some relevance here. As long as the Supremacy Clause remains in the United States Constitution, state law defenses cannot be raised against Federal Constitutional claims.

## Conclusion

Federal Rule 8 is not ambiguous or confusing. Defendants must admit, deny or deny for lack of knowledge every single allegation in the Complaint. Failure to deny is to be deemed an admission. Defendants must also provide—in their Answer or an Amended Answer—fair notice of the factual and legal bases for all affirmative defenses. Failure to do so requires that the defenses be stricken.

Done this 7th day of February, 2023.

        Thomas A. Dosik, LLC
        Attorney for Plaintiff

        By: /s/ Thomas A. Dosik
        Thomas A. Dosik
        Alaska Bar No. 9505018