Linda J. Johnson
Sean Halloran
Assistant Municipal Attorneys
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650

Phone: (907) 343-4545
Fax: (907) 343-4550
Email: uslit@muni.org

Attorneys for Defendants Orean Yi
and Municipality of Anchorage

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOSHUA BRIGGS ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> OREAN YI in his personal capacity; and ) <br> MUNICIPALITY OF ANCHORAGE, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 3:22-cv-00265-SLG |

**ANCHORAGE OPPOSITION TO DOCKET 28 MOTION TO STAY**

The Municipality herein opposes the motion at Docket 28 to stay the Municipality's motion for partial summary judgment until some time after December 15, 2023, when discovery closes.

At Docket 8, Briggs filed a motion for a preliminary injunction, arguing that AMC 8.30.120(A)(2) is facially unconstitutional. He emphasized at Docket 12 that his challenge

to the constitutionality of the Ordinance was exclusively a facial challenge for which no factual inquiry was required in order to address the issue he presented:

> A First Amendment facial challenge to a statute is a claim that the statute, on its face, is unconstitutional. This is not a fact dependent inquiry. . . . There is no factual inquiry that needs to be undertaken.

[Docket 12 at 4.] In his motion for an injunction, Briggs argued extensively that he had standing to assert his claim. [Docket 8 at 4-10.] He further argued that the Ordinance is facially unconstitutional. [Id. at 10-16.] The Municipality opposed the request to issue an injunction at Docket 23. It argued that Briggs has not established standing. [Docket 23 at 1-7.] It further argued that Briggs does not meet the threshold standard for issuance of an injunction. [Id. at 7-17.] Each of those arguments asserts, in part, that the ordinance is not facially unconstitutional. At Docket 24, the Municipality moved for summary judgment with respect to Briggs' claim that the ordinance is unconstitutional, incorporating only its arguments at Docket 23. Accordingly, the motion for partial summary judgment seeks a ruling (1) that Briggs is without standing to challenge the constitutionality of AMC 8.30.120(A)(2) and (2) that AMC 8.30.120(A)(2) is not facially unconstitutional.

Briggs' motion to "defer consideration of the Motion for Partial Summary Judgment until after the close of discovery" was made pursuant to Civil Rule 56(d). That Rule requires Briggs to show that he is unable to present "facts essential to justify his opposition". [Fed.R.Civ.P. 56(d).] However, he fails to identify any facts that he does not already possess or that he might seek to learn through discovery. [See Docket 28. Docket 28-1.] Indeed, although his attorney attests that he has not yet conducted discovery, he

MOA Opposition to Dkt 28 Motion to Stay
*Briggs v Yi*; 3:22-cv-00265-SLG    Page 2 of 4
Case 3:22-cv-00265-SLG   Document 34   Filed 03/14/23   Page 2 of 4

does not anywhere claim that there are any relevant facts that he is unable to present to this court at this time. [Id.]

Standing is a threshold issue that must be satisfied prior to invoking the jurisdiction of the court. Davis v. Federal Election Comm'n., 554 U.S. 724 (2008); Adarand Constructors, Inc. v. Mineta, 534 US 103, 109 (2001). Accordingly, it "must exist at the commencement of the litigation". Davis at 732, quoting Friends of Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., 528 U.S. 167, 189, (2000). Necessarily, Briggs cannot invoke the jurisdiction of the court to conduct discovery until he has satisfied his burden of establishing that he has standing. Id.

"Standing is not an ingenious academic exercise in the conceivable". Lujan v. Defenders of Wildlife, 504 US 555, 566 (1992). Rather, it "requires, at the summary judgment stage, a factual showing of perceptible harm". Id. "The party who invokes the power of judicial review must be able to show not only that the statute is invalid but that he has sustained or is immediately in danger of sustaining some direct injury as the result of its enforcement, and not merely that he suffers in some indefinite way in common with people generally." Id. at 574, quoting Massachusetts v. Mellon, 262 U. S. 447 (1923). Specifically, Briggs is obligated to establish that he has suffered an injury in fact that is actual or imminent, and not conjectural or hypothetical, that there is a causal connection between the injury and the conduct complained of, and that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. Id. at 560-561. If such facts exist, they are personal to Briggs and therefore known to Briggs. He needs no

MOA Opposition to Dkt 28 Motion to Stay
*Briggs v Yi*; 3:22-cv-00265-SLG
Page 3 of 4

Case 3:22-cv-00265-SLG   Document 34   Filed 03/14/23   Page 3 of 4

discovery. He is required to reveal whether he has standing at the outset of the litigation. His motion should be denied accordingly.

Just as Briggs does not need discovery to reveal whether he has standing, he does not need discovery to address the merits of his claim that AMC 8.30.120(A)(2) is facially unconstitutional. As Briggs has conceded, "This is not a fact dependent inquiry" and "There is no factual inquiry that needs to be undertaken". [Docket 12 at 4.] There is no justification, in law or fact, for the delay that Briggs requests. His motion should be denied accordingly.

Respectfully submitted this 14th day of March, 2023.

ANNE R. HELZER
Acting Municipal Attorney

By: /s/ Sean Halloran
Sean Halloran
Alaska Bar No. 9211080
Assistant Municipal Attorney

Certificate of Service
The undersigned hereby certifies that on 03/14/23, a true and correct copy of the foregoing was served on:

Thomas A. Dosik

by first class regular mail, if noted above, or by electronic means through the ECF system as indicated on the Notice of Electronic Filing.

/s/Cathi Russell
Cathi Russell, Legal Secretary
Municipal Attorney's Office

MOA Opposition to Dkt 28 Motion to Stay
Briggs v Yi; 3:22-cv-00265-SLG Page 4 of 4
Case 3:22-cv-00265-SLG Document 34 Filed 03/14/23 Page 4 of 4