# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

JOSHUA D. BRIGGS,

        Plaintiff,

    v.

OREAN YI, *et al.*,

        Defendants.

Case No. 3:22-cv-00265-SLG

## ORDER RE MOTION TO DEEM ALLEGATIONS ADMITTED AND STRIKE AFFIRMATIVE DEFENSES

Before the Court at Docket 18 is Plaintiff Briggs' *Motion to Deem Allegations Admitted and Strike Affirmative Defenses*. Defendants responded in opposition to the motion at Docket 20 and Plaintiff filed a reply in support of the motion at Docket 21.

Plaintiff seeks an order that would deem admitted certain allegations in Plaintiff's complaint based on an alleged failure by Defendants to comply with Rule 8 of the Federal Rules of Civil Procedure.[1] Plaintiff also seeks an order striking all of Defendants' affirmative defenses. Plaintiff cites to Rule 12(f), which provides that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

---

[1] Plaintiff asserts that the responses to the following paragraphs of his complaint are deficient: Paragraphs 4, 23, 29, 42, 43, 45, 61, 64, 66, 71, and 81.

Plaintiff's motion seeks for this Court to strictly interpret Rule 8(b) as to both the responses to the complaint's allegations and as to the affirmative defenses.

With respect to the responses to the complaint, Plaintiff cites to Rule 8(b)(1)(B), which requires the responder to "admit or deny the allegations asserted against it," and Rule 8(b)(6), which provides that "[a]n allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."

With respect to the affirmative defenses, a court "should be cautious prior to granting a motion to dismiss affirmative defenses."[2] A party asserting affirmative defenses "should be given the opportunity to prove his allegations if there is any possibility that the defense might succeed on the merits."[3] "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."[4]

Although Plaintiff has cited to some district court decisions in this Circuit that have strictly interpreted these rules with respect to the responses in an answer and the listing of affirmative defenses, that has not been the practice in this district,

---

[2] *Simpson v. Alaska State Comm'n for Hum. Rts.*, 423 F. Supp. 552, 554 (D. Alaska 1976), *aff'd*, 608 F.2d 1171 (9th Cir. 1979).

[3] *Id.* (first citing *Purex Corp. v. Gen. Foods Corp.*, 318 F. Supp. 322, 323 (C.D. Cal. 1970); and then citing 5 Wright & Miller, *Federal Practice and Procedure*, § 1381, at 800-801).

[4] *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979) (holding that amended answer that simply alleged that "plaintiff's claims are barred by the applicable statute of limitations" was adequate, when accompanied by attached memorandum in support of motion to amend that cited statute on which defense relied).

Case No. 3:22-cv-00265-SLG, *Briggs v. Yi, et al.*
Order re Motion to Deem Admitted and Strike Affirmative Defenses
Page 2 of 3
Case 3:22-cv-00265-SLG   Document 38   Filed 03/22/23   Page 2 of 3

at least so far as the undersigned judge is aware. And the Court does not see that such a practice, if adopted in this district, would promote "the just, speedy, and inexpensive determination of every action and proceeding."[5] Rather, it would likely add yet another round (or more) of motion practice, in addition to the motions to dismiss and summary judgment motions that are often filed in federal district court. The Court finds that the parties' efforts here (and the Court's efforts) would be better directed at this time toward any necessary fact discovery rather than additional motion practice. "'Pleadings must be construed so as to do justice,' and requiring Defendants to admit Plaintiffs' legal conclusions does not appear to be an act of justice."[6]

Defendants' answer does not contain redundant, immaterial, impertinent or scandalous material, and it adequately apprises Plaintiff of the factual allegations that it contests in Plaintiff's complaint and the affirmative defenses it intends to assert. For the foregoing reasons, the motion at Docket 18 is DENIED.

DATED this 22nd day of March, 2023, at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

---

[5] Fed. R. Civ. P. 1.

[6] *Guifu Li v. A Perfect Franchise, Inc.,* No. 5:10-CV-01189-LHK, 2011 WL 2971046, at *3 (N.D. Cal. July 21, 2011) (quoting Fed. R. Civ. P. 8(e)).

Case No. 3:22-cv-00265-SLG, *Briggs v. Yi, et al.*
Order re Motion to Deem Admitted and Strike Affirmative Defenses
Page 3 of 3
Case 3:22-cv-00265-SLG   Document 38   Filed 03/22/23   Page 3 of 3