# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

JOSHUA BRIGGS,

                Plaintiff,

      v.

OREAN YI, in his personal capacity; and MUNICIPALITY OF ANCHORAGE,

                Defendants.

Case No. 3:22-cv-00265-SLG

## PROTECTIVE ORDER

Before the Court at Docket 43 is Defendants' *Motion for Protective Order*, which includes Defendants' proposed order at Docket 43-3. Plaintiff responded in opposition at Docket 47, including his own proposed order at Docket 47-2; Defendants replied at Docket 48.

As explained in the Court's *Order re Pending Motions* at Docket 39, the parties are engaged in an ongoing discovery dispute regarding Plaintiff's access to Defendants' documentation and other evidence containing confidential information, such as human resources personnel files and Internal Affairs ("IA") investigations. Consequently, the Court directed the parties to

> (a) provide considerably more detail in the privilege log to "describe the nature of the documents, communications, or tangible things not produced or disclosed—and [to] do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim" **and/or (b) file**

**a motion for a protective order, which includes a
proposed protective order**.[1]

In response to this directive, the parties attempted to negotiate the terms of the

protective order but were unsuccessful.[2]   Specifically, Plaintiff disputes the

following three italicized portions of Defendants' proposed protective order:

> (1) **Paragraph 3.1:** *Briggs' information is not subject to
> this Protective Order*, but his date of birth and Social
> Security information will be redacted in any public
> court filing.[3]

> (2) **Paragraph 7.4 (formerly paragraph 3.2):** Protected
> Material produced may not be used for any other
> purpose whatsoever other than conducting this
> litigation. Protected Material shall not be posted,
> discussed, or shared on social media in any form. No
> Protected Material may be used in any other litigation.
> No Protected Material shall be shared with anyone
> outside this litigation, including the media. *The
> existence of the Protected Material shall not be
> disclosed to anyone outside this litigation, not even
> verbally.* Parties, their counsel and experts, or any
> other person retained by Parties to assist in the
> preparation of this action shall not, under any
> circumstances, sell, offer for sale, advertise, or
> publicize either the contents of Protected Material or
> the fact that they have obtained confidential
> information.[4]

> **(3) Paragraph 9(a):** The terms of this Order are
> applicable to information produced by *or about* a Non-
> Party in this action and designated as

---

[1] Docket 39 at 18 (citing Local Civil Rule 7.1(b)) (emphasis added).

[2] Docket 43 at 2; Docket 47 at 3–4.

[3] Docket 43-2 at 3–4.

[4] Docket 43-2 at 9.

"CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.[5]

Overall, the Court finds that Defendants' proposed order is warranted and that there is good cause to issue this protective order, consistent with Federal Rule of Civil Procedure ("Rule") 26(c). On the three disputed topics, the Court rules as follows:

- This protective order shall apply only to Defendants' documents; however, it is entered without prejudice. The discovery dispute that precipitated the need for this protective order exclusively involved Plaintiff's access to Defendants' confidential human resources and internal affairs documents. Additionally, the protective order acknowledges that the redaction requirements of Rule 5.2 apply to Mr. Brigg's full social security number and complete date of birth.[6] In the event Plaintiff is asked to produce documents that he determines should be protected, Plaintiff may seek a separate protective order from the Court.

---

[5] Docket 43-2 at 10.

[6] *See* Docket 43-2 at 3-4.

- The restriction on the disclosure of the very existence of protected material, including through verbal disclosure, contained in paragraph 7.4 is warranted.[7] Defendants have shown good cause to bar the parties' disclosure of the *existence* of protected material.[8] Prohibiting a party's ability to disclose the existence of protected material is content-neutral, applies to all parties in this matter, and is consistent with Rule 26(a).[9]

- The confidentiality of personnel and IA records by "or about" non-party witnesses shall be protected.[10] As the Court acknowledged in its previous order, "it is standard practice to file a protective order for discovery of a police officer's personnel and [IA] files";[11] this applies whether that individual is a party or a non-party witness in this case.

---

[7] *See* Docket 43-2 at 9 ("The existence of the Protected Material shall not be disclosed to anyone outside this litigation, not even verbally.").

[8] *See* Docket 48 at 3 ("This provision is necessary in this case. For example, if Briggs demanded, and the Municipality was required to produce, Internal Affairs files on Jane Smith, a (fictional) APD officer as a witness in this case, the 'mere fact' that Jane Smith has an internal affairs determination should be confidential, otherwise the fact would at a minimum be spread to others (including defense counsel and media), and the information would become public, defeating the request for a protective order.").

[9] *Cf.* Fed. R. Civ. P. 26(b)(5)(A)(ii)( "When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must . . . describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, **without revealing information itself privileged or protected**, will enable other parties to assess the claim.") (emphasis added).

[10] *See* Docket 43-2 at 10 (The terms of this Order are applicable to information produced **by or about** a Non-Party in this action and designated as "CONFIDENTIAL.") (emphasis added).

[11] *See* Docket 39 at 18 n.68.

Therefore, there is good cause for the Court to protect any such records involving party or non-party witnesses.

The motion for a protective order is hereby GRANTED. Accordingly, pursuant to Rule 26(c) and the Privacy Act,[12] the Court finds good cause to protect the confidential nature of certain documents that will be produced through discovery and adopts Defendants' proposed protective order, and

IT IS HEREBY ORDERED as follows:

1.      <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Court hereby enters this Protective Order. The parties are advised, as further set forth in Section 12.3, below, that this Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 7.3(f) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

---

[12] 5 U.S.C. § 552a.

2.    DEFINITIONS

2.1    <u>Challenging Party</u>: A Party or Non-Party that challenges the designation of information or items under this Order.

2.2    <u>"CONFIDENTIAL" Information or Items</u>: Information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    <u>Counsel (without qualifier)</u>: Counsel (as well as their support staff).

2.4    <u>Designating Party</u>: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5    <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7    <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

Case No. 3:22-cv-00265-SLG, *Briggs v. Yi, et al.*
Protective Order
Page 6 of 21
Case 3:22-cv-00265-SLG    Document 59    Filed 06/28/23    Page 6 of 21

2.8    Party: Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Counsel of Record (and their support staffs).

2.9    Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.10   Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.11   Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.12   Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes

part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

3.1. <u>Plaintiff's information.</u> Briggs' information is not subject to this Protective Order, but his complete date of birth and complete Social Security number will be redacted in any public court filing.

4. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

Case No. 3:22-cv-00265-SLG, *Briggs v. Yi, et al.*
Protective Order
Page 8 of 21
Case 3:22-cv-00265-SLG   Document 59   Filed 06/28/23   Page 8 of 21

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to a motion for sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify the other Party that it is withdrawing the mistaken designation.

5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) For testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

Case No. 3:22-cv-00265-SLG, *Briggs v. Yi, et al.*
Protective Order
Page 10 of 21
Case 3:22-cv-00265-SLG   Document 59   Filed 06/28/23   Page 10 of 21

(c) For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging

Case No. 3:22-cv-00265-SLG, *Briggs v. Yi, et al.*
Protective Order
Page 11 of 21
Case 3:22-cv-00265-SLG   Document 59   Filed 06/28/23   Page 11 of 21

and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Local Civil Rule 7.1 (and in compliance with Local Civil Rule 7.3, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party

to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to a motion for sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the

conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to Qualified Person defined as follows:

(a) the Receiving Party's Counsel of Record in this action, as well as employees of the Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

Case No. 3:22-cv-00265-SLG, *Briggs v. Yi, et al.*
Protective Order
Page 14 of 21
Case 3:22-cv-00265-SLG   Document 59   Filed 06/28/23   Page 14 of 21

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order. Witnesses may not retain a copy of any Protected Material.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3 <u>Records.</u> Counsel shall keep records of all Protected Material distributed, in whole or in part, to Qualified Persons. Any copy so distributed shall be returned to counsel after the completion of the Qualified Person's consultation or representation in this case as set forth below, excluding Court filings. The records required to be kept by this paragraph shall be made available for inspection by the Producing Party or the Court if requested.

7.4 <u>Protected Material.</u> Protected Material produced may not be used for any other purpose whatsoever other than conducting this litigation. Protected

Material shall not be posted, discussed, or shared on social media in any form. No Protected Material may be used in any other litigation. No Protected Material shall be shared with anyone outside this litigation, including the media. The existence of the Protected Material shall not be disclosed to anyone outside this litigation, not even verbally. Parties, their counsel, and experts, or any other person retained by Parties to assist in the preparation of this action shall not, under any circumstances, sell, offer for sale, advertise, or publicize either the contents of Protected Material or the fact that they have obtained confidential information.

8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.     <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by or about a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request or court order, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    (1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.

10.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

11.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

Case No. 3:22-cv-00265-SLG, *Briggs v. Yi, et al.*
Protective Order
Page 18 of 21
Case 3:22-cv-00265-SLG   Document 59   Filed 06/28/23   Page 18 of 21

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement into a protective order to be submitted to the Court.

12.    MISCELLANEOUS

12.1    <u>Right to Further Relief.</u>  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    <u>Right to Assert Other Objections.</u>  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    <u>Filing Protected Material.</u>  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 7.3(f).  Protected Material may only be filed under seal pursuant to a court

Case No. 3:22-cv-00265-SLG, *Briggs v. Yi, et al.*
Protective Order
Page 19 of 21
Case 3:22-cv-00265-SLG   Document 59   Filed 06/28/23   Page 19 of 21

order authorizing the sealing of the specific Protected Material at issue. Pursuant to Local Civil Rule 7.3(f), a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Local Civil Rule 7.3(f) is denied by the Court, then the Receiving Party may file the information in the public record pursuant to Local Civil Rule unless otherwise instructed by the Court.

13.  FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence,

deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

DATED this 27th day of June, 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE