# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

JOSHUA D. BRIGGS,

    Plaintiff,

  v.

OREAN YI, *et al.*,

    Defendants.

Case No. 3:22-cv-00265-SLG

## ORDER RE MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Before the Court at Docket 49 is Plaintiff Joshua Briggs' *Motion to Compel Production of Documents*. Defendants Orean Yi and the Municipality of Anchorage filed a response in opposition at Docket 54, Plaintiff filed a reply in support of the motion at Docket 55, and Defendants filed a supplemental response in opposition at Docket 56. In an order filed at Docket 68, the Court denied Plaintiff's motion to strike the supplemental response.

Plaintiff seeks an order compelling Defendants to respond to Request for Production Nos. 2, 3, and 5, each of which is addressed in this order.

1. *Request for Production No. 2.*

Plaintiff asked that the Municipality produce:

*All documents and communications that mention or discuss Joshua Briggs, including but not limited to all documents and communications within the Anchorage Police Department, within the Municipal Prosecutor's office, communications between the Anchorage Police Department and Municipal Prosecutor's office, and communications*

> *between any other Municipal departments, agencies, subdivisions, and offices.*

Defendants produced six emails and provided a privilege log that lists five additional emails withheld under claims of attorney-client and attorney work-product privilege. A review of the privilege log indicates that these communications by municipal prosecutors and their staff about the criminal case are protected work-product and that protection was not waived by the filing of the Declaration of Monica Elkinton (Docket 23-1). Stating that a case was dismissed for the convenience of the prosecutor does not constitute a waiver of the work-product privilege with respect to interoffice communications among prosecutors and their staff. Accordingly, the motion to compel production of RFP No. 2 is DENIED.

*2. Request for Production No. 3*

Plaintiff's Request for Production No. 3 is as follows:

*Please produce all documents and communications, including but not limited to police reports, court filings, memoranda, and summaries that relate to each and every one of the 258 cases "referred by the police for violations of AMC 8.30.120(A)(2)" [Docket 23-1, p. 4] since 2018.*

As noted in Defendants' supplemental response and this Court's order on the motion to strike, Defendants have produced a spreadsheet identifying each of the 258 cases referred to in the Elkinton Declaration at Docket 56-1. And Plaintiff has raised a viable *Monell* theory that the Municipality has made these arrests for reasons other than to secure criminal convictions for these offenses. Therefore, the Court finds that in addition to what Defendants have already produced in

Case No. 3:22-cv-00265-SLG, *Briggs v. Yi, et al.*
Order re Motion to Compel Production of Documents
Page 2 of 4
Case 3:22-cv-00265-SLG   Document 70   Filed 07/27/23   Page 2 of 4

response to this request, Defendants shall provide all police reports for each of the 258 cases to Plaintiff.  No additional discovery need be produced in response to this request for production, as the court filings are publicly accessible to Plaintiff and with regard to any other documents related to these cases, ordering such documents to be produced would not be proportionate to the needs of the case. Defendants may, at their option, redact the information that is privacy protected by Rule 5.2, Federal Rules of Civil Procedure, before providing the police reports to Plaintiff.   Therefore, the motion to compel is GRANTED in part as to Request No. 3.

    *3. Request for Production No. 5*

    Plaintiff's Request for Production No. 5 reads:

    *Please produce all documents and communications between the Municipality of Anchorage, including the Anchorage Police Department Employees Association that mention or discuss body worn cameras.*

Plaintiff has not persuaded the Court that the discussions regarding the use of body cameras by the Anchorage Police Department are relevant to this case. And if relevant, the Court does not find the discovery sought to be proportional to the needs of the case, as any relevance the information might have in resolving the issues in this case appears to be of quite a low magnitude, while the burden of producing this information would outweigh any likely benefit it might have. Therefore, the motion to compel as to Request for Production No. 5 is DENIED.

Case No. 3:22-cv-00265-SLG, *Briggs v. Yi, et al.*
Order re Motion to Compel Production of Documents
Page 3 of 4

Case 3:22-cv-00265-SLG   Document 70   Filed 07/27/23   Page 3 of 4

In light of the foregoing, the motion at Docket 49 is GRANTED. Defendants shall produce to Plaintiff the police reports identified in this order within 21 days of the date of this order.

DATED this 27th day of July 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:22-cv-00265-SLG, *Briggs v. Yi, et al.*
Order re Motion to Compel Production of Documents
Page 4 of 4
Case 3:22-cv-00265-SLG   Document 70   Filed 07/27/23   Page 4 of 4