IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOSHUA D. BRIGGS,<br><br>    Plaintiff,<br><br>  v.<br><br>OREAN YI, in his personal capacity; and MUNICIPALITY OF ANCHORAGE,<br><br>    Defendants. | Case No. 3:22-cv-00265-SLG |

**ORDER RE MOTION FOR PARTIAL SUMMARY JUDGMENT AND MOTION TO STAY DISCOVERY ON BODY WORN CAMERAS**

Before the Court at Docket 60 is Defendants' Motion for Partial Summary Judgment. Plaintiff Joshua Briggs responded in opposition at Docket 65, and Defendants replied at Docket 72. Also before the Court is Defendants' Motion to Stay Discovery on Body Worn Cameras at Docket 62. Mr. Briggs responded in opposition at Docket 66, and Defendants replied at Docket 72.[1] Based on the Court's order at Docket 70,[2] Defendants' Motion to Stay Discovery on Body Worn Cameras at Docket 62 is denied as it is in large part moot. However, the Court has not entered an order precluding Mr. Briggs from questioning Officer Yi about

---

[1] Defendants filed a combined reply in support of both motions at Docket 72.

[2] *See* Docket 70 at 3 (denying Mr. Briggs's discovery request for "all documents and communications between the Municipality of Anchorage, including the Anchorage Police Department Employees Association that mention or discuss body worn cameras").

body worn cameras if he is deposed. Accordingly, this order will only discuss Defendants' Motion for Partial Summary Judgment. Oral argument was not requested and was not necessary to the Court's determination.

## BACKGROUND

Mr. Briggs alleges violations of his constitutional rights arising under the First, Fourth, and Fourteenth Amendments to the United States Constitution.[3] His claims arise from his arrest on July 12, 2022, for Disorderly Conduct pursuant to Anchorage Municipal Code ("AMC") 08.30.120(A)(2) and Harassment pursuant to AMC 08.10.110(A)(1).[4] The factual background is set out in the Court's Order re Partial Summary Judgment at Docket 73; the Court assumes familiarity here.

Defendants filed the instant motion seeking summary judgment on two counts. First, Defendants seek summary judgment on Count IV of Mr. Briggs's Amended Complaint, which alleges that the Municipality of Anchorage is liable for a failure to properly train and supervise its police officers.[5] Specifically, the Amended Complaint alleges that "Anchorage does not require its police officers to wear body cameras or to record conversations and actions taking place in police vehicles." In addition, Mr. Briggs asserts that "Anchorage Police has an official, written policy encouraging officers to charge people with disorderly conduct when

---

[3] Docket 40 at 1.

[4] Docket 40 at 3, ¶ 7, 6, ¶ 20.

[5] Docket 60 at 1; *see also* Docket 40 at 12-16, ¶¶ 56-76.

Case No. 3:22-cv-00265-SLG, *Briggs v. Yi, et al.*
Order re Motion for Partial Summary Judgment and Motion to Stay Discovery on Body Worn Cameras
Page 2 of 6
Case 3:22-cv-00265-SLG   Document 82   Filed 10/16/23   Page 2 of 6

they are being rude, uncooperative, fail to provide ID or challenge an officer's authority." Mr. Briggs contends that "[t]his policy actively encourages police officers to violate Constitutional rights."[6]

Second, Defendants seek summary judgment on Count V of Mr. Briggs's Amended Complaint with regards to the Municipality of Anchorage only.[7] Count V seeks punitive damages against the Municipality for its failure to equip Anchorage police officers with body worn cameras.

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(d) provides that when facts are unavailable to the non-moving party, that party can request additional time to respond to the motion. A party requesting a Rule 56(d) continuance must show: "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment."[8]

---

[6] Docket 40 at 14, ¶ 70.

[7] Docket 60 at 11-12.

[8] *Fam. Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.,* 525 F.3d 822, 827 (9th Cir. 2008) (citing *California ex rel. Cal. Dep't of Toxic Substances Control v. Campbell,* 138 F.3d 772, 779 (9th Cir. 1998)). When *Family Home & Finance Center* was decided, Rule 56(d) was enumerated as 56(f) in the Federal Rules of Civil Procedure.

Case No. 3:22-cv-00265-SLG, *Briggs v. Yi, et al.*
Order re Motion for Partial Summary Judgment and Motion to Stay Discovery on Body Worn Cameras
Page 3 of 6
Case 3:22-cv-00265-SLG   Document 82   Filed 10/16/23   Page 3 of 6

# DISCUSSION

I.  **Rule 56(d) Request**

Mr. Briggs seeks additional time to respond to Defendants' motion with respect to Court IV because he "does not have at his disposal the evidence necessary to fully defend against this motion."[9] He asserts that he "has not had the opportunity to collect the evidence necessary to establish all elements of standing" on this claim, and that "the evidence exists and is not speculative."[10] While Mr. Briggs claims that "the Municipality has vehemently opposed compliance with Briggs's discovery requests," it appears that Defendants did, starting from April 13, 2023, provide him with some information regarding the implementation of body worn cameras in Anchorage.[11] As to Mr. Briggs's discovery request for "all documents and communications between the Municipality of Anchorage, including the Anchorage Police Department Employees Association that mention or discuss body worn cameras," the Court denied that request as being irrelevant and, even if relevant, disproportional to the needs of the case.[12] Furthermore, Mr. Briggs filed suit in December 2022, and Defendants filed the instant motion for partial summary

---

[9] Docket 65 at 1, 3-4.

[10] Docket 65 at 5.

[11] Docket 65 at 4; *see also* Docket 72 at 2-5; Docket 72-1 at 2-4; Docket 72-2 at 1-4; Docket 72-3 at 1-2.

[12] *See* Docket 70 at 3.

Case No. 3:22-cv-00265-SLG, *Briggs v. Yi, et al.*
Order re Motion for Partial Summary Judgment and Motion to Stay Discovery on Body Worn Cameras
Page 4 of 6
Case 3:22-cv-00265-SLG   Document 82   Filed 10/16/23   Page 4 of 6

judgment in June 2023.[13] It is now October 2023. It is no longer "so early in the litigation" that "a party has had [no] realistic opportunity to pursue discovery relating to its theory of the case."[14] And yet the record also reflects that Defendants have had challenges in litigating this case and only recently did a new attorney enter an appearance for Defendants.[15]

The Court recently vacated all pretrial deadlines as agreed-upon by both parties, and the parties have been ordered to file a proposed pretrial scheduling order by October 27, 2023.[16] In light of the foregoing, the request for a Rule 56(d) continuance is GRANTED as follows: The parties' proposed scheduling order shall include a deadline for Plaintiff to file his opposition to the partial summary judgment motion with respect to Count IV. If the parties are unable to agree on that deadline, the parties' proposed order shall set out each party's proposed deadline for that response and the Court will then set the deadline.

## II. Punitive Damages Against the Municipality of Anchorage

Defendants also contend in their motion that Mr. Briggs's claim for punitive damages against the Municipality of Anchorage in Count V of his complaint cannot

---

[13] Docket 1; Docket 60.

[14] *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Rsrv.*, 323 F.3d 767, 773 (9th Cir. 2003) (citation omitted).

[15] Docket 76, 77.

[16] Docket 81.

Case No. 3:22-cv-00265-SLG, *Briggs v. Yi, et al.*
Order re Motion for Partial Summary Judgment and Motion to Stay Discovery on Body Worn Cameras
Page 5 of 6

succeed because the Municipality is immune.[17] Defendants are correct; "a municipality is immune from punitive damages under 42 U.S.C. § 1983."[18] Accordingly, that part of Claim V is dismissed with prejudice.

## CONCLUSION

In light of the foregoing, IT IS ORDERED that:

1. Defendants' Motion to Stay Discovery on Body Worn Cameras at Docket 62 is DENIED as it is in large part moot;

2. Defendants' Motion for Partial Summary Judgment at Docket 60 is GRANTED in part in that Mr. Briggs's claim for punitive damages against only the Municipality of Anchorage in Count V of his complaint is dismissed with prejudice; and

3. Defendants' Motion for Partial Summary Judgment regarding Court IV is DEFERRED and the Court will enter a deadline for Plaintiff to file a response to that portion of the motion after receiving the parties' proposed pretrial scheduling order.

DATED this 16th day of October 2023, at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

---

[17] Docket 60 at 11-12; see also Docket 40 at 16, ¶¶ 77-79 (Am. Complaint) (seeking punitive damages against both Officer Yi and the Municipality).

[18] City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981).

Case No. 3:22-cv-00265-SLG, Briggs v. Yi, et al.
Order re Motion for Partial Summary Judgment and Motion to Stay Discovery on Body Worn Cameras
Page 6 of 6
Case 3:22-cv-00265-SLG   Document 82   Filed 10/16/23   Page 6 of 6