IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOSHUA D. BRIGGS,<br><br>        Plaintiff,<br><br>    v.<br><br>OREAN YI, in his personal capacity, *et al.*,<br><br>        Defendants. | Case No. 3:22-cv-00265-SLG |

### ORDER ON MOTION TO STAY FURTHER PROCEEDINGS AND CROSS-MOTION TO CERTIFY APPEAL AS FRIVOLOUS

Before the Court at Docket 148 is Defendants' Motion to Stay Further District Court Proceedings Pending Appeal of Denial of Qualified Immunity.[1] Plaintiff Joshua Briggs responded at Docket 152 and cross-moved to certify Defendants' appeal as frivolous at Docket 153. Defendants filed a reply in support of their motion to stay and a response in opposition to Mr. Briggs's cross-motion at Docket 154. Oral argument was not held and was not necessary to the Court's disposition.

### BACKGROUND

As relevant here, this Court denied Defendant Orean Yi qualified immunity after finding that a dispute of fact remained as to whether Defendant Yi had probable cause to arrest Mr. Briggs and determining that a special verdict on that

---

[1] Defendants are Anchorage Police Department Officer Orean Yi and the Municipality of Anchorage.

disputed discrete fact was warranted in order for the Court to resolve the qualified immunity question.[2] The Court also noted that *Nieves v. Bartlett* "recognized a right to be free from an arrest even when there is probable cause to arrest when the reason for the arrest is not the disorderly conduct; rather, it is the protected speech."[3] Further, "*Nieves* clearly established that even if probable cause exists for an arrest, a plaintiff can still prevail on a First Amendment retaliatory arrest claim if the plaintiff proves that officers 'typically exercise their discretion not to' arrest individuals in similar circumstances."[4] Defendant Yi timely filed a notice of appeal from the Court's denial of qualified immunity.[5] Defendants also move for a stay of proceedings in this Court while the Ninth Circuit resolves the appeal.[6]

## LEGAL STANDARD

A "district court is automatically divested of jurisdiction to proceed with trial pending appeal" of a "denial of [an] individual defendant['s] motion for summary judgment on [his] claim of qualified immunity" unless the district court certifies, in writing, "that the defendant['s] claim of qualified immunity is frivolous or has been waived."[7]

---

[2] Docket 146 at 26-30.

[3] Docket 146 at 17-21, 29 (citing 587 U.S. 391 (2019)).

[4] Docket 146 at 29-30 (quoting 587 U.S. at 406).

[5] Docket 147.

[6] Docket 148.

[7] *Chuman v. Wright*, 960 F.2d 104, 104 (9th Cir. 1992).

Case No. 3:22-cv-00265-SLG, *Briggs v. Yi, et al.*
Order on Motion to Stay and Motion to Certify Appeal as Frivolous
Page 2 of 4
Case 3:22-cv-00265-SLG   Document 156   Filed 02/04/25   Page 2 of 4

However, the Ninth Circuit's "jurisdiction does not extend to all denials of qualified immunity on summary judgment."[8] The Ninth Circuit "[does not] have jurisdiction to decide whether there is a genuine issue of material fact."[9] In contrast, the Ninth Circuit "[has] jurisdiction to decide whether, taking the facts in the light most favorable to the non-moving party, the defendants are entitled to qualified immunity."[10] "[T]hat is, [the Ninth Circuit] may 'review a denial of qualified immunity where a defendant argues . . . that the facts, even when considered in the light most favorable to the plaintiff, show no violation of a constitutional right, or no violation of a right that is clearly established in law.'"[11]

## DISCUSSION

Defendants contend that on appeal Officer Yi will argue that the facts, when considered in the light most favorable to Mr. Briggs, do not establish a violation of a constitutional right or a right that is clearly established, and that the non-disputed facts entitle Defendant Yi to qualified immunity.[12] Mr. Briggs responds that the appeal is frivolous and asks this Court to certify the appeal as frivolous in order to

---

[8] *Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 945 (9th Cir. 2017).

[9] *Id.* (citing *Ames v. King Cnty.*, 846 F.3d 340, 347 (9th Cir. 2017) ("Where the district court has determined the parties' evidence presents genuine issues of material fact, such determinations are not reviewable on interlocutory appeal.")).

[10] *Id.*

[11] *Id.* (quoting *Ames*, 846 F.3d at 347).

[12] Docket 154 at 2.

Case No. 3:22-cv-00265-SLG, *Briggs v. Yi, et al.*
Order on Motion to Stay and Motion to Certify Appeal as Frivolous
Page 3 of 4
Case 3:22-cv-00265-SLG    Document 156    Filed 02/04/25    Page 3 of 4

overcome the automatic divestiture of jurisdiction of this Court over this case effected by Defendant Yi's notice of appeal.[13]

The Court does not find that Defendant Yi's claim of qualified immunity is frivolous or has been waived.[14] The Court therefore declines to certify Defendant Yi's appeal as frivolous.[15] As such, the notice of appeal filed by Officer Yi divested this Court of jurisdiction over this case while that appeal is pending. Whether Defendant Yi presents a reviewable issue on interlocutory appeal to the Ninth Circuit is most prudently determined by the Ninth Circuit.

The Court therefore GRANTS Defendants' Motion to Stay at Docket 148 and DENIES Mr. Briggs's Motion to Certify Appeal as Frivolous at Docket 153. The parties shall file a status report in this Court within 14 days of the Ninth Circuit's issuance of its mandate.

DATED this 4th day of February, 2025, at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

---

[13] Docket 152.

[14] *Chuman*, 960 F.2d at 104.

[15] *See Isayeva*, 872 F.3d at 945 (holding that the district court misapplied the law on qualified immunity when it certified an appeal as frivolous based on its finding that genuine disputes of material fact existed regarding whether tasing and shooting were reasonable uses of force because "the existence of a genuine dispute about the reasonableness of an officer's use of force does not preclude granting qualified immunity or eliminate any basis for an immediate appeal of denial of qualified immunity").

Case No. 3:22-cv-00265-SLG, *Briggs v. Yi, et al.*
Order on Motion to Stay and Motion to Certify Appeal as Frivolous
Page 4 of 4
Case 3:22-cv-00265-SLG    Document 156    Filed 02/04/25    Page 4 of 4